362 So.2d 21 (1978)
America BALINO et al., Petitioners,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES of the State of Florida, Respondent.
No. HH-177.
District Court of Appeal of Florida, First District.
July 10, 1978.
On Rehearing September 18, 1978.
*23 Stephen T. Maher, Miami, Robert F. Williams, Tallahassee, for petitioners.
Charles T. Collette, George L. Waas and David St. John, Tallahassee, for respondent.
BOOTH, Judge.
This cause is before us on petition for review of final agency action resulting from a rule-making proceeding pursuant to Florida Statute § 120.54(3). Petitioners are patients residing in Florida nursing homes who receive Medicaid. Respondent (HRS) is the agency charged with administration of the Medicaid program in Florida and has promulgated rules governing eligibility for the program.
The basic dispute between the parties involves the criteria for designation of a patient as a "skilled nursing facility (SNF) patient" and specifically Rule 10c-7.32, Florida Administrative Code, setting out those criteria. The SNF patient designation entitles the patient to Medicaid financing for the highest or most intensive of the three levels of nursing care financed by Medicaid.
In prior litigation between the parties[1] this Court ruled that in the reclassification proceedings required by the new more stringent federal and state regulations, the HRS, not petitioners, has the burden of establishing the grounds for reclassification of SNF patients.
On the administrative level, petitioners challenged Rule 10c-7.32 on the basis that it lacked essential definitions. A full evidentiary hearing was held in the rule-challenge proceedings and final order issued October 19, 1976 providing in part as follows:
"Rule 10c-7.21 [now 10c-7.32] will be amended to include definitions and examples of key words and phrases such as `nurse'; `professional person'; `technical person'; `available on a 24-hour basis'; `which as a practical matter can only be provided in a skilled nursing care facility on an inpatient basis'."
Pursuant to the mandate of the abovequoted order, HRS on June 17, 1977, caused a notice of proposed rule-making to be published. Petitioners filed a request for a hearing pursuant to Florida Statute § 120.54(3), which states:
"If the intended action concerns any rule other than one relating exclusively to organization, procedure or practice, the agency shall, on the request of any affected person received within 14 days after the date of publication of the notice, give affected persons an opportunity to present evidence and argument on all issues under consideration appropriate to inform it of their contentions." (e.s.)
The rule-making hearing was held July 18, 1977. Petitioners appeared through counsel and sought to call and examine *24 witnesses, to cross-examine witnesses and to invoke the rule excluding witnesses from the proceedings while other witnesses were testifying. The hearing officer disallowed these requests on the grounds that the proceeding was a public hearing, not a formal adversary hearing, and that only comments or statements could be received. Faced with that ruling, petitioners requested the hearing officer to "draw out" the proceedings pursuant to Florida Statute § 120.54(16) which provides:
"Rulemaking proceedings shall be governed solely by the provisions of this section unless a person timely asserts that his substantial interests will be affected in the proceedings and affirmatively demonstrates to the agency that the proceeding does not provide adequate opportunity to protect those interests. If the agency determines that the rule making proceeding is not adequate to protect his interests, it shall suspend the rule making proceeding and convene a separate proceeding under the provisions of section 120.57 ..."
Rule 28-5.13 of the Model Rules of Procedure provide that the request for a drawout can be made "at any time prior to the conclusion of a public hearing conducted under the provisions of § 120.54."
In the instant case, the hearing officer refused the request for a draw-out on the grounds: (1) That the request was not timely and (2) That petitioners' substantial interest would be protected by virtue of the fact that petitioners' counsel was present at the rule-making hearing.
The hearing officer also refused to allow counsel to proffer the testimony of petitioners' witnesses who were present at the hearing though he indicated a willingness to allow counsel to make a statement or comment. Thereafter, the hearing continued with several individuals representing the Florida Health Care Association and one member of the Department's staff making comments. A month later, on August 9, 1977, the amended rule was filed. This petition for review followed.
The purpose of a rule-making hearing under § 120.54(3) is two-fold:
(1) To allow the agency to inform itself of matters bearing on the proposed rules or modifications thereof, and
(2) To allow the public, and specifically individuals and groups having particular interests and/or information, to participate in the rule-making process. The hearing is of a quasi-legislative, information-gathering type, which in theory at least, does not adjudicate the rights of any particular individual.[2]
In its conduct of the hearing, the agency has the affirmative duty to inform itself to the fullest extent possible of the interest and problems of those who seek to present evidence and argument. The hearing under § 120.54(3) is not an adversary proceeding and is, in fact, presided over by a member of the agency's own staff. Use of technical requirements by the agency's hearing officer solely for the purpose of avoiding informational input is not in keeping with the nature of the proceedings. The agency has no right, as a litigant in an adversary proceeding might have, to protect itself from evidence or argument that may be unfavorable. The officer conducting the hearing must make every effort to assure those present have fair opportunity to present evidence and argument which is material to the rules in question and appropriate under the circumstances. What is material evidence and argument, appropriate in form, will vary with the nature of the issues involved. Considerations of time and of the number of participants in attendance at the hearing will necessarily affect the manner of presentation allowable by the hearing officer. Within those limitations, however, participants must be afforded fair opportunity "to present evidence and argument ... appropriate *25 to inform it of their contentions." F.S. § 120.54(3).[3]
In Walter Holm & Company v. Hardin, 145 U.S.App.D.C. 347, 449 F.2d 1009 (1971), involving regulations of the Secretary of Agriculture affecting the import of tomatoes, the court held that tomato importers must be afforded "effective opportunity to make a presentation to the Secretary" in the informal rulemaking proceedings under the federal APA,[4] and stated (145 U.S.App.D.C. at 353, 354, 449 F.2d at 1015, 1016):
"This is not an area that may rightly be approached in terms of absolute rigidity of requirement ...

American Airlines [v. CAB][5] indicates that the oral hearing may be legislative in type, although fairness may require an opportunity for cross-examination on the crucial issues. The requirement of hearing is not shackled by rigidities of procedure that may stultify the regulatory program. What counts is the reality of an opportunity to submit an effective presentation, to assure that the Secretary and his assistants will take a hard look at the problems in the light of those submissions." (e.s.)
Here, petitioners' contentions are that the definitions proposed and subsequently adopted after the § 120.54 proceedings are (1) incomplete because they fail to define all the criteria required to be defined in the order of HRS Secretary Page and (2) unworkable. The latter contention petitioners propose to support by examination and cross-examination of witnesses who must work with and apply the criteria for determining the "SNF patient." That type of presentation is not prohibited in a § 120.54 proceeding but is allowable within the discretion of the agency. Petitioners have not demonstrated any unique circumstances that might justify a trial-type presentation in the informal rule-making proceeding.[6] However, since the hearing officer was apparently of the view that he could not permit formal presentation, on remand the request may be renewed for his consideration.
Concerning the agency's denial of the requested evidentiary hearing under § 120.57, we note that neither of the bases stated by the hearing officer for that denial is sufficient. The request was timely and the fact that petitioners' counsel was present at the rule-making proceedings does not eliminate the need for a § 120.57 proceeding. In Bert Rogers Schools of Real Estate v. Florida Real Estate Commission, 339 So.2d 226 (Fla. 4th DCA 1976) petitioner attended the agency's rule-making hearing and requested a § 120.57 proceeding. The court ruled that the agency had failed *26 to expressly determine whether the § 120.54 proceeding was adequate to protect the interest asserted and, further, that there was nothing in the record which would support such a determination and therefore the denial of a § 120.57 proceeding was arbitrary. The court remanded the cause with directions that the petitioner be granted a hearing under § 120.57, and in so doing made the following statement concerning the basic problem of the § 120.54 hearing which is appropriate here:
"[I]t seems apparent that everyone involved was somewhat in doubt as to the correct procedure to follow under the circumstances. We do not say this critically because these waters are unchartered and only time and experience will enable those dealing with the Administrative Procedure Act to know with any degree of certitude proper application of its legislative directives . ."
In the instant case the rule-making proceeding was held largely at the instigation of the particular petitioners here who had previously litigated to obtain the rule modifications which were the subject of the hearing. It is undisputed that the petitioners' substantial interests are affected by the proposed rule modification. The principal question to be resolved is whether those interests are adequately protected in the § 120.54 rule-making proceeding. The answer to that question depends, in part at least, on the extent to which petitioners are able, and are permitted, to make an effective presentation at the § 120.54 hearing. Petitioners have no right to insist that the rule be modified in a specific way. Petitioners do have the right, however, to present evidence and argument relative to their contentions and HRS has the duty to listen and inform itself. Respondent's obligation in this regard, as well as petitioners' rights, can only be satisfied by reconvening the § 120.54 proceeding. The HRS may thereafter make changes in, or additions to, the definitions in Rule 10c-7.32, or not, as is its prerogative.
In the proceeding below the hearing officer ruled (1) that only comments or statements could be received at the § 120.54 hearing and (2) that petitioners did not have a right to a § 120.57 draw-out. These rulings were made in a vacuum, without apparent basis in the record. The hearing officer failed to make inquiry, either as to the nature of testimony sought to be elicited or the substantial interest of petitioners in the rule modification which might require a § 120.57 draw-out. Petitioners, for their part, should have submitted either a verbal or written statement of their contentions, of the evidence sought to be elicited and the particular reasons why examination and cross-examination was essential to that presentation of a § 120.57 proceeding necessary. On remand, both HRS and these petitioners will be afforded opportunity to correct these omissions.
We find that, as specified in § 120.68(8), the fairness of the proceeding or the correctness of the action may have been impaired by a material error in procedure, and therefore, the cause is REMANDED with directions that the § 120.54 hearing be reconvened for further proceedings consistent herewith.
MILLS, Acting C.J., and ERVIN, J., concur.

ON PETITION FOR REHEARING
BOOTH, Judge.
On rehearing, HRS expressly takes no issue with this Court's holding that, as stated by HRS, "it committed a material error of procedure in the F.S. § 120.54 proceeding on the amendments to Rule 10c-7.32." HRS urges, however, that since the rule modifications have now become final, and were not held invalid by this Court, no purpose will be served by reconvening the § 120.54 hearing. In the alternative, HRS urges that this Court is without authority to order it to reinstate a rule-making proceeding. We disagree with both contentions.
The import of our decision is that the agency must exercise good faith to afford interested parties an opportunity "to *27 present evidence and argument" under F.S. § 120.54(3). We do not excuse HRS from this basic obligation, even though the rule modifications have become final, for two reasons. First, rule modification is an ongoing process and is incomplete here since further definitions and/or examples, specifically of the terms "available on a 24-hour basis," "technical person," "which as a practical matter can only be provided in a skilled nursing facility on an inpatient basis," remain to be formulated by HRS, as required by the agency's own order of October 19, 1976. Petitioners are entitled to present evidence and argument both as to the terms already defined and examples given (since HRS may thereafter determine that further modification of those definitions and examples is necessary), and as to those definitions and examples still to be formulated. Second, only by requiring the reconvening of rule-making proceedings can the right of petitioners to an opportunity to be heard and the obligation of HRS to listen and inform itself be enforced.
Petitioners have also filed for rehearing seeking to have this Court hold Rule 10c-7.32 invalid. There is no authority cited, and we have found none, which requires that this Court hold invalid rules or rule modifications adopted following procedural error in a legislative type hearing.[1] The error here resulted in no record which would enable this Court to judge the materiality of the information sought to be presented by petitioners at the rule-making hearing.
The modified rule has been in effect since August 29, 1977, without suspension of operation during these proceedings. The modifications, consisting of definitions to, and examples of, terms used in the rule classifying patients for Medicaid purposes, were in fact obtained by petitioners after extensive litigation with HRS. The fact that the modifications are incomplete, and by petitioners' view at least, not satisfactory, is insufficient at this point in time to require this Court set aside as invalid the agency's attempt to state its guidelines. Challenges to the validity of the modified rule or to its application in reclassifying individual patients are not foreclosed by this decision and other litigation is pending in the federal court.[2] Considering all these matters, we are of the view that a holding invalidating the modified rule is unnecessary to the enforcement of petitioners' rights in this cause.
This Court will diligently enforce the rights of participants in the rule-making process. However, in recognition of the ongoing nature of that legislative proceeding, and on consideration of the totality of the circumstances, the Court may decline to either suspend or invalidate rules while remanding for correction of errors in the legislative proceeding.
Petitioners fear further procrastination by HRS if the modifed rule is allowed to remain valid. Past history of this litigation indicates that these fears are not unfounded. We therefore order that the rule-making proceedings be reconvened within 30 days of the entry of this order.
Petitions for rehearing and clarification having been considered by this Court, they are GRANTED IN PART and DENIED IN PART and the cause REMANDED consistent herewith.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] Balino v. Department of HRS, 348 So.2d 349 (1st DCA 1977).
[2] Levinson, Florida Administrative Procedure Act, 29 U. of Miami L.Rev. 617, 638 (1975); England and Levinson, Administrative Law, 31 U. of Miami L.Rev. 749, 765-66 (1977).
[3] The basic purpose of informal rule-making proceedings is stated by Judge Skelly Wright of the Federal Circuit Bench in 26 Administrative L.Rev. 199, 211 (1974): "[T]o foster the same kind of productive dialogue between agency officialdom and the public that we like to believe exists between the electorate and Congress. In many cases, however, rule making give-and-take has a depressing desultory quality... ."

.....
"[T]he reviewing court's goal must be to insure that the genuine expertise of both the agency and the interested public is communicated back and forth and openly utilized." See also, Wright, The Courts and the Rulemaking Process; 54 Cornell L.Rev. 375, 379-382 (1974).
[4] 5 U.S.C. § 553(c): "After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation... ."
[5] 123 U.S.App.D.C. 310, 359 F.2d 624 (1966).
[6] American Airlines Inc. v. CAB, 123 U.S. App. D.C. 310, 319, 359 F.2d 624, 633, cert. den. 385 U.S. 843, 87 S.Ct. 73, 17 L.Ed.2d 75 (1966): "Nowhere in the record is there any specific proffer by petitioners as to the subjects they believed required oral hearings, what kinds of facts they proposed to adduce and by what witnesses, etc. Nor was there any specific proffer as to [the] particular lines of cross-examination which required exploration at an oral hearing.";

Clagett, Informal Action-Adjudication Rule Making, Vol. 1971, Duke L.Rev. 51, 72: "[T]he opinions are not devoid of hints that a petitioner would be wise, rather than demanding a full statutory adjudication as a matter of right, to specify what procedures, not normally required in a rule-making proceeding, he considers appropriate in the particular circumstances of the case."
[1] See, 42 U. of Chicago L.R., 401, 443; Portland Cement Association v. Ruckelshaus, 158 U.S. App.D.C. 308, 327, 486 F.2d 375, 394 (1973); Virginia Petroleum Jobbers' Assoc. v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958).
[2] America Balino, et al. v. Department of Health and Rehabilitative Services of the State of Florida, Case No. 76-394, Civ. SMA, pending as of August 24, 1978, in the United States District Court for the Southern District of Florida.