ERVIN, Judge.
The Department of Health and Rehabilitative Services petitions for review of intermediate agency action in the form of an order of a hearing officer of the Division of Administrative Hearings, Department of Administration, denying the Department’s motion to dismiss respondents’ rule-challenge petition pursuant to § 120.56, Fla. Stat. (1977). Respondents contend that the Department has adopted an illicit rule on the ground that it is an invalid exercise of delegated legislative authority. The Department answers that respondents, having participated in a § 120.54(3) hearing on the proposed rule chapter, and later having requested a draw-out under § 120.54(16), which HRS granted, but from which respondents later withdrew, are now precluded from collaterally attacking the rule-making proceedings under § 120.56, and rely upon State Dept. of Health, etc. v. Barr, 359 So.2d 503 (Fla. 1st DCA 1978).
We agree with respondents that the facts in Barr are not analogous and therefore not controlling. In Barr, certain parties participated in a § 120.565 proceeding following which the agency issued a declaratory statement. Later, three of the parties who were within the class purportedly represented before the hearing officer petitioned the court for direct review of the declaratory statement, but then voluntarily dismissed the petition in order to initiate a collateral attack in § 120.56 proceedings. We granted the motion to dismiss the rule-challenge proceedings on the ground that the APA does not permit hearing officers “collateral review power over final agency action taken after regular proceedings under other provisions of the Act.’’ Id. at 505.
The relief initially sought in Barr by respondents — a declaratory statement — is altogether different from the rule-making proceedings respondents participated in *1277 here. “A declaratory statement is a means for determining the rights of parties when a controversy, or when doubt concerning the applicability of any statutory provision, rule or order has arisen before any wrong has actually been committed.” Fla.Admin. Code Rule 28-4.05. A declaratory statement adjudicates rights, cf., School Bd. of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977); it is “final agency action” and “reviewable in the same way as orders entered in Section 120.57 proceedings, . .” State Dept. of Health, etc. v. Barr, supra, at 505. A rule-making proceeding, authorized by § 120.54(3), on the other hand, allows “affected persons an opportunity to present evidence and argument on all issues under consideration appropriate to inform [the agency] of their contentions.” As we stated in Balino v. Dept. of Health and Rehabilitative, etc., 362 So.2d 21, 24 (Fla. 1st DCA 1978), the purpose of a rule-making hearing under § 120.54(3) is two-fold:
(1) To allow the agency to inform itself of matters bearing on the proposed rules or modifications thereof, and
(2) To allow the public, and specifically individuals and groups having particular interests and/or information, to participate in the rule-making process. The hearing is of a quasi-legislative, information-gathering type, which in theory at least, does not adjudicate the rights of any particular individual, (e.s.) (footnotes omitted.)
The Balino opinion continued that the hearing afforded by § 120.54(3) is not an adversary proceeding and that the agency has no right to protect itself from evidence or argument which may be unfavorable. Id.
We conclude that respondents’ participation in § 120.54(3) rule-making has no res judicata effect on their right to collaterally attack the rule by a § 120.56 petition. Nor does the fact that respondents filed a request for a draw-out, permitted by § 120.-54(16) — later withdrawn before the draw-out proceedings were conducted — preclude them now from the relief they seek. Section 120.54(16) permits the agency, if it determines a rule-making hearing is not adequate to protect the substantial interests of a person, to suspend rule-making and convene a separate proceeding under the provisions of § 120.57. No such hearing was held, however, and the agency’s permission of a party’s request for same is clearly not final agency action to which principles of res judicata or collateral estoppel apply.
The remaining points urged by the Department for reversal are without merit. The petition for review of non-final administrative action is DENIED, and the order denying the motion to dismiss AFFIRMED.
MILLS, Acting C. J. and BOOTH, J., concur.