377 So.2d 32 (1979)
Bobby Ray COUCH et Ux., Appellants,
v.
STATE of Florida, Department of Health and Rehabilitative Services, Appellee.
No. NN-355.
District Court of Appeal of Florida, First District.
November 19, 1979.
Rehearing Denied December 21, 1979.
*33 Kathy Hamilton and Stephen Maher, Miami, for appellants.
George Waas, Tallahassee, for appellee.
PER CURIAM.
This appeal raises questions regarding the construction and applicability of Section 120.565, Florida Statutes (declaratory statements by administrative agencies). We must agree with the appellee, Department of Health and Rehabilitative Services, that its refusal to issue a declaratory statement in this instance was correct.
In their petition for declaratory statement petitioners alleged that they are the parents of a child who was some years ago admitted to Sunland Hospital, Orlando, and thereafter transferred to Sunland Center in Miami. In 1970 the child was placed in a private home under foster care. Visitation problems developed, and the child was subsequently adjudicated a dependent child by a circuit court. Litigation was commenced in the Circuit Court, Eleventh Judicial Circuit, concerning petitioners' rights to visitation with the child. At the time of the petition and order appealed from, and at the time of oral argument before this court, that litigation was still pending. The petition requested a declaratory statement as to whether the foster care program supervised by the Department "is and was" governed by certain enumerated regulations (Florida Administrative Code), Department of Health and Rehabilitative Services and Division of Family Services Manuals, any other rules regulating conciliation services or visitation, or certain provisions of the United States Code.
No hearing on the petition was requested by petitioners, and no evidence in support of their petition was presented. The Department, upon consideration of the petition, ruled that petitioners were not entitled to a declaratory statement. The Department's order recites as the basis for its ruling, among other things, the fact that the issues presented by the petition are presently pending before the Circuit Court, Eleventh Judicial Circuit; and that it would appear that any "controversy ... or doubt" is capable of resolution by the court "before any wrong has actually been committed".
We have examined the petition and find that it falls short of the requirements necessary to obtain a declaratory statement. The petition contains no showing of bona fide doubt or dispute as to the Department's activities which are incapable of resolution in the court proceeding. In addition, petitioners admit in their brief that the Circuit Court has the power to finally determine the issues presented to the Department. It is not shown that any matter on which the Department is requested to provide a statement will resolve any issues concerning petitioners' rights to family affiliation, visitation, or their claim of the right to be reunited with their child. As admitted by petitioners, these are matters wholly within the jurisdiction of the Circuit Court in the pending proceeding.
This court has previously applied to administrative proceedings certain well established judicial principles, for example, stare decisis, State Dept. of Health and Rehabilitative Services v. Barr, 359 So.2d 503 (Fla. 1st DCA 1978), res judicata and collateral estoppel, State Dept. of Health and Rehabilitative Services v. Professional Firefighters of Florida, Inc., 366 So.2d 1276 (Fla. 1st DCA 1979). Owing to the similarity of declaratory statement proceedings under the Administrative Procedures Act and declaratory judgments under Chapter 86, Florida Statutes, we are of the opinion that in determining the availability and scope of the remedies under the former, we may be guided by decisions under the declaratory judgments statute.
It appears that the applicable guiding principle here is that an actual, present and practical need for a declaratory judgment must be shown. Okaloosa County Island Leaseholders Assn. v. Okaloosa Island Authority, 308 So.2d 120 (Fla. 1st DCA 1975). The deficiencies in the petition, coupled with petitioners' admission of the adequacy of the pending litigation are sufficient *34 to preclude their request for a statement.
The order appealed from is affirmed.
ERVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.