394 So.2d 238 (1981)
LAWYERS PROFESSIONAL LIABILITY INSURANCE COMPANY and Lawyers Professional Liability Insurance Agency, Inc., Petitioners,
v.
SHAND, MORAHAN & COMPANY, INC., and Northbrook Excess and Surplus Insurance Company, Respondents.
No. WW-479.
District Court of Appeal of Florida, First District.
February 27, 1981.
*239 J.D. Boone Kuersteiner, Tallahassee, B.K. Roberts and Ronald C. LaFace of Roberts, Miller, Baggett, LaFace, Richard & Wiser, P.A., Tallahassee, for petitioner/Lawyers Professional Liability Insurance Company.
Kenneth F. Hoffman of Oertel & Laramore, Tallahassee, for petitioner/Lawyers Professional Liability Insurance Agency, Inc.
Gary P. Sams of Hopping, Boyd, Green & Sams, Tallahassee, for respondent/Shand, Morahan & Company, Inc.
A. Russell Bobo of McFarlain, Bobo, Sternstein, Wiley & Cassedy, P.A., Tallahassee, for respondent/Northbrook Excess and Surplus Insurance Company.
Patrick F. Maroney, Asst. Gen. Counsel, Tallahassee, for State of Florida, Department of Insurance.
PER CURIAM.
By Petition for Review of Non-Final Administrative Action, Lawyers Professional Liability Insurance Company (LPLIC) and Lawyers Professional Liability Agency (LPLA) seek review of an order of the Department of Insurance denying their motion to abate or dismiss a Petition for Declaratory Statement brought by Shand, Morahan & Company, Inc. and Northbrook Excess and Surplus Insurance Company. One of the grounds for the Motion to Abate or Dismiss was that there was then pending before the federal District Court, a law suit between the parties which raised the same issues as those presented in Shand and Northbrook's Petition for Declaratory Statement.
The parties have not cited, nor has our research uncovered, a case involving a situation such as exists here, where a state administrative proceeding is instituted which raises the same issues as are pending in a previously filed federal court action. However, this court has previously applied certain well established judicial principles to administrative proceedings. Couch v. State, 377 So.2d 32 (Fla. 1st DCA 1979). In Couch, decisions under the declaratory *240 judgments statute were utilized in determining the availability and scope of the remedies in declaratory statement proceedings under the Administrative Procedures Act, § 120.565, F.S., which is also involved here. Id. at 33. Case law dealing with concurrent jurisdiction between state and federal courts should accordingly be instructive in this case.
At the outset, we note that abatement is not the proper remedy in this case. Pendency of a prior suit in federal court does not warrant abatement of a like suit in state court. State ex rel Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533 (1930). A state court may, however, stay or suspend a proceeding until determination of the pending federal action. State ex rel Sherrill v. Milam, 116 Fla. 492, 156 So. 497 (1934); Jorge v. Antonio Co., 151 So.2d 467 (Fla.2d DCA 1963).
In the interests of state and federal comity, where there is concurrent jurisdiction, the general rule is that the court whose jurisdiction first attaches may determine the controversy, and proceedings in the last action filed should be stayed or suspended until the first action is tried and determined. Wade v. Clower, 114 So. 548 (Fla. 1927). However, the existence of certain circumstances, such as congestion of the federal court docket, may provide adequate grounds for a trial court, in its discretion, to deny a stay in a state court proceeding filed after a federal court action involving similar issues. ITT Community Development Corporation v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977).
There has been no showing in the present case that circumstances existed which would warrant a departure from the rule that an action for declaratory relief, initiated when a suit is already pending which involves the same issues and which would afford full, adequate and complete relief, will not be permitted to proceed. Couch, supra; Taylor v. Cooper, 60 So.2d 534 (Fla. 1952). Therefore, we find that the Department of Insurance abused its discretion in refusing to suspend its own proceedings pending the outcome of the federal court action and reverse the order denying Appellants' Motion to Abate or Dismiss. Having so concluded, we need not reach the other issues presented by Appellants.
Accordingly, the order appealed is REVERSED, and this cause is REMANDED to the Department of Insurance with directions to enter an order consistent with this opinion.
SHIVERS, WENTWORTH and LILES, JJ., concur.