SHARP, Judge.
The Association of Condominiums, Inc., an association of condominium associations whose members are residents of the Fifth Appellate District, seeks to challenge in this court by common law certiorari[1] or by appeal,[2] an amendment to Rule 12A-1.61 adopted by Florida’s Department of Revenue. The Association claims it requested advance notice of the proceedings leading up to the adoption of the amendment pursuant to section 120.57(2), Florida Statutes (1981). The Department conceded the following facts in its Response:
1) On October 1, 1982, the Department-served notice on the Association of the proposed amendment.
2) On October 7, 1982, the Association filed with the Department a notice of its intent to appear and make a presentation at the proposed hearing on October 22, 1982.
3) On October 19, 1982, the Department advised the Association the hearing was postponed and would be rescheduled.
4) On October 29, 1982, the Department published a notice in the Florida Administrative Weekly that the hearing had been postponed one month.
5) On November 9, 1982, without any further notice to the Association, nor any other kind of notice, the Department adopted the proposed amendment, and caused it to be filed with the Secretary of State.
Review of final agency action is being sought in this case under circumstances where the agency admittedly acted in violation of subsections 120.54(3) & (4), Florida Statutes (1981). This statute clearly provides that persons adversely affected by a proposed rule be given notice and afforded an opportunity to be heard prior to the adoption of a final rule.[3] The Association was not given notice; nor was a hearing held before the amendment was approved by the Department.
Judicial review of this kind of agency action is appropriate under section 120.-68(1), Florida Statutes (1981). The point here is not to review the agency’s record or documents supporting its reasons for adopting the amended rule. We do not reach the *750 merits of this question.[4] Rather, we find on the basis of the admissions of the Department in its response that the procedure by which the amendment was adopted was fatally flawed by material error. § 120.68(8), Fla.Stat. (1981). Accordingly, we quash the rule as amended and we remand this proceeding to the Department for further agency action on the proposed rule, pursuant to sections 120.53 and 120.54, Florida Statutes (1981). Further, we award petitioner attorney’s fees in the amount of one thousand five hundred dollars ($1,500.00) and the costs incurred in filing this appeal in the amount of fifty dollars ($50.00). Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978); § 120.57(l)(b)(9), Fla.Stat. (1981).
RULE QUASHED AND REMANDED.
COBB and FRANK D. UPCHURCH, JJ., concur.

. Art. V, § 4(b)(3), Fla. Const.; Fla.R.App.P. 9.030(b)(3).

. Art. V, § 4(b)(2), Fla. Const.; § 120.68, Fla. Stat. (1981); Fla.R.App.P. 9.030(b)(1).

. (3) If the intended action concerns any rule other than one relating exclusively to organization, procedure, or practice, the agency shall, on the request of any affected person received within 14 days after the date of publication of the notice, give affected persons an opportunity to present evidence and argument on all issues under consideration appropriate to inform it of their contentions. Prisoners, as defined in s. 944.02(5), may be limited by the Department of Corrections to an opportunity to submit written statements concerning intended action on any department rule. The agency may schedule a public hearing on the rule and, if requested by any affected person, shall schedule a public hearing on the rule. Any material pertinent to the issues under consideration submitted to the agency within 14 days after the date of publication of the notice or submitted at a public hearing shall be considered by the agency and made a part of the record of the rulemaking proceeding.
(4)(a) Any substantially affected person may seek an administrative determination of the invalidity of any proposed rule on the ground that the proposed rule is an invalid exercise of delegated legislative authority.

(d) Hearings held under this provision shall be conducted in the same manner as provided in s. 120.57 except that the hearing officer’s order shall be final agency action. The agency proposing the rule and the person requesting the hearing shall be adversary parties. Other substantially affected persons may join the proceeding as parties or interve-nors on appropriate terms which will not substantially delay the proceedings. Failure to proceed under this subsection shall not constitute failure to exhaust administrative remedies.
§§ 120.54(3), (4)(a) & (d), Fla.Stat. (1981).

. The Department also argues that judicial relief should not be granted here because the Association failed to exhaust its administrative remedies pursuant to section 120.56(1), Florida Statutes (1981). That section permits a rule challenge on the ground that it was an invalid exercise of delegated legislative authority. Also, such a challenge would involve the substantive merits of the rule, which is not the primary attack made here by the Association. Further, that section expressly provides that “[flailure to proceed under this section shall not constitute failure to exhaust administrative remedies.” § 120.56(5), Fla.Stat. (1981).