SCHEB, Acting Chief Judge.
In this appeal from a final order of the Department of Revenue, appellants contend that they have been denied a rule-making hearing under section 120.54(3), Florida Statutes (1981), as well as a “draw-out” hearing pursuant to section 120.54(16), in respect to an amendment to Rule 12A-1.61, Florida Administrative Code.[1]
The Department of Revenue (DOR) published notice on October 1, 1982, that it intended to adopt an amendment to Rule 12A-1.61, Florida Administrative Code. This rule concerns the imposition and collection of a sales tax on rentals of condominium units where the rental period is less than six months. A timely request for a rule-making hearing was filed pursuant to section 120.54(3). Thereafter, appellants, who are the owners or agents for individually owned condominium units, requested a draw-out proceeding pursuant to section 120.54(16). This involves a separate formal hearing under section 120.57 when an affected party demonstrates to the agency that the usual rule-making proceedings are inadequate to protect its interests.
DOR proceeded to adopt the proposed amendment on November 9, 1982, without further notice to appellants. Appellants, however, attended and were heard at the meeting at which the rule was adopted. Therefore, DOR argues: (1) appellants cannot now challenge the irregularity of the rule-making procedures, and (2) by failing to request a formal hearing under section 120.57 pursuant to section 120.54(16) at that time, appellants cannot complain of being denied a draw-out hearing.
Appellants were at least entitled to notice of a hearing under section 120.54(3), and their attendance at an unnoticed meeting was not an acceptable substitute for DOR’s failure to comply with the statutory requirement of giving affected parties notice and an opportunity to be heard prior to adoption of the rule. We agree with the fifth district that the procedure by which the amendment to the rule was adopted was fatally flawed by material error and, therefore, the amendment to the rule is invalid. Association of Condominiums, Inc. v. Department of Revenue, 431 So.2d 748 (Fla. 5th DCA 1983).
At this point it is premature to determine whether appellants will qualify for a draw-out hearing pursuant to section 120.57. Should DOR renew proceedings, the answer to that question will depend on the extent to which the appellants are able, and are permitted, to make an effective presentation at the section 120.54(3) hearing. Balino v. Department of Health & Rehabilitative Services, 362 So.2d 21 (Fla. 1st DCA 1978), cert. denied, 370 So.2d 458 (Fla.1979).
REVERSED.
RYDER and CAMPBELL, JJ., concur.

. After oral argument on June 6, 1983, we were advised that the amendment to Rule 12A-1.61 had been declared invalid on February 17, 1983, by the Division of Administrative Hearings on the ground that the amendment constituted an invalid exercise of delegated legislative authority. The Department of Revenue has challenged this ruling in the First District Court of Appeal (Case No. AR-266). Therefore, we do not regard the issue raised by appellants as being moot at this time.