WIGGINTON, Judge.
This appeal is before us from a final judgment entered on a cross-claim in a foreclosure action initially brought by the Federal Land Bank of Columbia, South Carolina (the Land Bank) against South-trust First National Bank of Dothan, Alabama, individually (the Bank) in its interest as second mortgagee of the property forming a part of the trust res, and in its capacity as trustee (the Trustee) of the Roberta D. Corcoran trust and mortgagor of the property, and against appellants in their capacities as settlor (Roberta Corcor-an) and beneficiaries under the trust. We affirm in part and reverse in part.
During the pendency of the Land Bank’s foreclosure suit, appellants, with their an *1162 swer, filed a “counter cross-claim” seeking relief against the Trustee, alleging breach of fiduciary duty. That same relief had earlier been sought in a civil action instituted by appellants against the Trustee, which action was pending in the federal district court at the time the Land Bank instituted its suit. The Bank also accompanied its answer to the Land Bank’s complaint with a cross-claim against the Trustee and appellants seeking foreclosure of the second mortgage it held on the trust’s property subject to the Land Bank’s priority interest.
Summary judgment was entered in the Land Bank’s favor. A foreclosure sale was held with the highest bid being that offered by the Bank. An order was entered confirming the sale and authorizing disbursement of sale proceeds. Title was vested in the Bank.
In the meantime,- the Trustee, joined by the Bank, moved to dismiss appellants’ counter cross-claim alleging, inter alia, that jurisdiction over the issues raised therein was vested in the federal court. Following a hearing, the court granted the motion to dismiss without prejudice to appellants’ assertion of the matters in the previously filed and pending federal suit.
In regard to the Bank’s cross-claim for foreclosure of its second mortgage, a reply was filed by the Trustee, but no responsive pleading was submitted on behalf of appellants. Accordingly, the Bank moved for entry of default against appellants and for final judgment. On the date of the hearing, the Bank received a copy of a motion to dismiss the cross-claim filed by appellants on that same date. The motion pointed to the pending federal litigation and sought a dismissal or stay of the proceedings on the Bank’s cross-claim until resolution of the issues pending in the federal suit.
At the hearing, the trial court orally denied appellants’ motion to dismiss and entered a default judgment against them. In response to appellants’ attorney’s question as to the effect the judgment would have on appellants’ ability to contest the validity of the claimed indebtedness of the Trustee to the Bank in the federal litigation, counsel for the Bank clarified its position to the court that the court merely determine the amount of that indebtedness and recognize the mortgage held by the Bank as being a valid second lien. Following discussion and establishment of the indebtedness by testimony, appellants’ attorney requested that appellants be dismissed from the cross-claim consistent with the Bank’s position that it was only interested in seeking a judgment against the Trustee, and suggested that judgment be entered in favor of the Bank. The parties and the court agreed to the dismissal of appellants.
A written order was entered formally denying appellants’ motion to dismiss the Bank’s cross-claim, recognizing appellants’ oral motion to be dismissed from the cross-claim, as well as the stipulation of the other parties to that effect, and dismissing them as parties. Contemporaneously filed with the order was the final judgment on the Bank’s cross-claim, finding that the Bank held a valid second mortgage on the trust real property foreclosed under the earlier summary judgment, and determining the indebtedness due on the note given by the Trustee, including attorney’s fees, to be $674,101.61. It is from that final judgment, including the orders granting the Bank’s motion to dismiss appellants’ counter cross-claim and denying appellants’ motion to dismiss the Bank’s cross-claim that appellants bring this appeal.
Appellants have raised three points for our consideration: (1) whether the trial court erred in dismissing their counter cross-claim on the basis of the earlier-filed federal litigation; (2) whether the trial court erred in denying appellants’ motion to dismiss or stay the Bank’s cross-claim despite the pending federal litigation; and (3) whether the trial court erred in prohibiting appellants from filing an answer subsequent to the denial of their motion to dismiss and finding them to be in default. We reverse and remand on the first point, but affirm as to the other two points.
*1163 In regard to whether the trial court erred in dismissing appellants’ counter cross-claim, we note the rule of law that a stay, not a dismissal or abatement, was the proper remedy in this case. As we held in Lawyers Professional Liability Insurance Company v. Shand, Morahan & Company, Inc., 394 So.2d 238 (Fla. 1st DCA 1981):
In the interests of state and federal comity, where there is concurrent jurisdiction, the general rule is that the court whose jurisdiction first attaches may determine the controversy, and proceedings in the last action filed should be stayed or suspended until the first action is tried and determined. [Citation omitted]
394 So.2d at 240. See also Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA 1984). Consequently, we find the trial court erred in refusing to stay its own proceedings on the counter cross-claim pending the outcome of the federal court action. The order appealed is reversed and the cause remanded with directions to enter an order consistent with this opinion.
Turning to the remaining two points, we hold that whatever error may have been committed by the trial court, the issues have become moot by virtue of appellants’ having been dismissed as parties to the Bank’s cross-claim. Accordingly, for that reason, we affirm as to the second and third points.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
NIMMONS, J., concurs.
ERVIN, J., concurs in part and dissents in part.