504 So.2d 1343 (1987)
SUNTIDE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DIVISION OF FLORIDA LAND SALES, CONDOMINIUMS AND MOBILE HOMES, DEPARTMENT OF BUSINESS REGULATIONS, Appellee.
No. BN-441.
District Court of Appeal of Florida, First District.
March 27, 1987.
F. Shields McManus of McManus, Stewart, Ferraro & Steger, P.A., Stuart, for appellant.
W. Thomas Wackeen of Wackeen & Cornett, P.A., Stuart, for appellees/Certain Unit Owners at Suntide Condominium.
Karl M. Scheuerman, Staff Atty., Dept. of Business Regulation, for appellee/Div. of Florida Land Sales, Condominiums and Mobile Homes.
*1344 SMITH, Judge.
The Suntide Condominium Association, Inc. (Association) appeals the declaratory statement rendered by the Division of Florida Land Sales, Condominiums, and Mobile Homes (Division) which found that the reformation action initiated by the Association in circuit court was not authorized by section 718.110, Florida Statutes (1985), and therefore no Association monies could be utilized in the maintenance of the action. The Division should have declined to render a declaratory statement because the question raised by the petition for declaratory statement involved the same issues which were already pending in the circuit court reformation action. We reverse.
A brief recitation of the facts and circumstances giving rise to this litigation is necessary. The declaration of condominium provides that assessments for common expenses of the Association will be assessed equally against each unit owner in the amount of 1.25% of the total common expenses of the Association. Each unit within the condominium has a percentage of ownership of the common elements ranging from .95% to 1.68% depending upon the relative size of the unit.
After the declaration was created, but before it was recorded, the law changed to require that the unit owners' shares of common expenses must be in the same proportion as their ownership interest in the common elements. See § 718.115(2), Fla. Stat. (1975). Subsequent litigation confirmed that the Association was required to assess unit owners in compliance with section 718.115(2).[1] Therefore, the Association filed a complaint in circuit court seeking to reform the declaration alleging that it was the intention of the Association and the developer to create an assessment system whereby all apartment units of the condominium would bear an equal share of the common expenses and would have an equal share of the common surplus appurtenant thereto. The Association sought to reform the declaration to read that all unit owners shall have an undivided equal share in the ownership of the common elements so that all units will share equally in the common expenses.
The dissenting unit owners filed a petition for declaratory statement under the Administrative Procedure Act, specifically, section 120.565, Florida Statutes (1985), asking the Division to answer the question whether it was a violation of Chapter 718 to allow the Association to be a plaintiff in this reformation case and whether or not the use of condominium funds could be used for attorney's fees and costs in the reformation action.
In the meantime, the dissenting unit owners filed a motion to dismiss the reformation action and a motion to strike the condominium association as a proper party to the reformation action. The dissenting unit owners argued that pursuant to section 718.110(4) and section 718.115(2) no change to the percentage or ownership of the common elements can be accomplished without the consent of all unit owners. The Association argued that it could bring a reformation action under section 718.110(10). The circuit court denied the motions filed by the dissenting unit owners finding, among other things, that it had common law jurisdiction to order reformation and statutory jurisdiction pursuant to section 718.110(10).
In the administrative proceeding, the Association objected to the Division's jurisdiction to proceed to render a declaratory statement when the circuit court had jurisdiction of the reformation action. The Division rejected the Association's contention, finding that the question of the Association's right, consistent with Chapter 718, to initiate the reformation action and expend Association funds in the prosecution of the action was not before the circuit judge for determination. Further, according to the Division, neither was the issue of whether, by operation of section 718.110, the Association *1345 has the authority to maintain an action to reform the declaration of condominium in the manner desired. In the declaratory statement, the Division found that the Association was required to use the amendment procedure in section 718.110(4), because it was seeking to change the percentage by which the owners shared in the common expenses, and that it could not bring a reformation action in the circuit court based on section 718.110(10). The Association filed this appeal.
While the model rules of the Florida Administrative Code make no provision with respect to when an agency should decline to issue a declaratory statement, past decisions of this court suggest that an agency should decline to resolve a question presented to it by a petition for declaratory statement when the parties are involved in litigation in either state or federal court, and the question raised by the petition is pending before the court. Lawyers Professional Liability Insurance Co. v. Shand, Morahan & Co., Inc., 394 So.2d 238 (Fla. 1st DCA 1981); and Couch v. State, Department of Health and Rehabilitative Services, 377 So.2d 32 (Fla. 1st DCA 1979). See also, Dore, Access to Florida Administrative Proceedings, 13 Fla.St.U.L.Rev. 967, 1054-1056 (1986), approving the result, but not the court's reasoning in these cases.
We do not view the declaratory statement provision as conferring upon an agency the obligation either to give advice as to the jurisdiction of a court to determine matters then pending before the court, or to issue opinions or decisions settling doubts or questions as to the outcome of controversies then pending in a court. We do view it as an abuse of authority for an agency to either permit the use of the declaratory statement process by one party to a controversy as a vehicle for obstructing an opposing party's pursuit of a judicial remedy, or as a means of obtaining, or attempting to obtain, administrative preemption over legal issues then pending in a court proceeding involving the same parties. This is especially so when, as here, there is not the slightest hint that the relief sought by the opposing party in the court proceeding is available in any forum other than the circuit court.
Accordingly, we agree with the Association that the Division erred in failing to decline to issue the declaratory statement in this case. The agency's contention that it considered a different controversy than was before the circuit court is meritless. The Division argues that the issue involved here is not whether the circuit court has jurisdiction to order reformation, but whether and under what circumstances an association has the authority to request such relief. We find these questions indistinguishable from those already presented to the court for decision. The circuit court found it had common law and statutory jurisdiction to order reformation pursuant to section 718.110(10). In its declaratory statement, the Division found that the Association could not utilize section 718.110(10) but was required to follow the procedure outlined in section 718.110(4).
Having determined that the Division should not have issued the declaratory statement once the same controversy was pending in circuit court, we decline to decide whether the Division reached an erroneous conclusion in the declaratory statement.
REVERSED.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Suntide Condominium Assn., Inc. v. Division of Florida Land Sales and Condominiums, 463 So.2d 314 (Fla. 1st DCA 1984), pet. for rev. den., 469 So.2d 750 (Fla. 1985); and Suntide Condominium Assn., Inc. v. Division of Florida Land Sales and Condominiums, 409 So.2d 65 (Fla. 1st DCA 1982).