PER CURIAM.
Truman Annex Company [Truman Annex] appeals a Declaratory Statement of the Florida Keys Aqueduct Authority [FKAA], imposing system development fees for units and structures at the Truman Annex property.[1] We affirm.
The FKAA supplies and distributes water to the Florida Keys. Truman Annex purchased approximately 97 acres of property from the United States Navy in March 1987. It disputes the FKAA assessment of system development fees for 42 acres and 70 buildings located on that property. For approximately ten years prior to its sale, the property was administered by the Key West Redevelopment Agency [KWRA], which supplied water pursuant to a 1974 contract between the FKAA and the United States Navy. In pertinent part, the contract guarantees the federal government 2.4 million gallons of water per day at any requested location.
Truman Annex maintains that the FKAA misapplied its rules when it assessed system development fees against Truman Annex without allowing credit for existing *725 use. First, Truman Annex argues that because KWRA leased large portions of the property to private commercial tenants who used it for nonexempt purposes, impact fees should have been imposed prior to sale, leaving Truman Annex responsible only for the actual increase over nonexempt uses. Second, Truman Annex contends that the FKAA’s interpretation of Rule 48-3.002(9) of the Customer Service Policies[2] amounts to rulemaking without meeting the requirements of section 120.54, Florida Statutes (1987). Third, Truman Annex contends that the water service contract between the United States Navy and FKAA merely supplies evidence of the extent of water facilities on the Truman Annex property and should not influence the determination of fees. It maintains that FKAA rules require system development fees to be set in accordance with actual increases in service over that supplied the prior owner. Thus, Truman Annex argues, the prior owner’s contract does not eliminate a new customer’s right to credit for existing fixtures.
We find no merit in appellant’s contentions. Despite KWRA’s interim management, the property remained a governmental entity exempt from the system development fee. Rule 48-3.002(9) of the Customer Service Policies of the FKAA does not require the KWRA to pay system development fees; such fees are imposed on the nongovernmental purchaser, in this case, Truman Annex. Our review of the record discloses that the FKAA’s findings of fact are supported by substantial, competent evidence; we discern neither an abuse of discretion nor a violation of law by the agency. See Dade Tomato Co., Inc. v. Homestead Tomato Packing Co., Inc., 502 So.2d 80 (Fla. 3d DCA 1987); Cohen v. School Bd. of Dade County, 450 So.2d 1238 (Fla. 3d DCA 1984). If Truman Annex believed that numerous related issues were suggested by its relatively narrow request for a Declaratory Statement, it should have sought an administrative hearing pursuant to Section 120.57 or filed suit in circuit court. See Occidental Chemical Co. v. Mayo, 351 So.2d 336, 342 (Fla.1977). The remaining points lack merit.
Affirmed.

. The Declaratory Statement was adopted with minor modifications by FKAA’s Board of Directors after a hearing on July 17, 1987.

. Rule 48-3.002(9) states:
Governmental entities; charitable, educational, religious and similar organizations exempt from taxation under the provisions of the Internal Revenue Code; and persons and entities, including civic, fraternal and similar organizations exempt from ad valorem property tax under state law, shall be exempt from any System Development Fee that would be applicable but for this exemption. However, if such customer’s premises shall be occupied by any person, organization or entity other than one to which the exemption is applicable, as provided above, or if the premises shall be used primarily for purposes unrelated to the principal uses and purposes of the exempt person or organization, such person, organization or entity shall be required to pay any applicable System Development Fee.