832 So.2d 916 (2002)
Lazaro PADILLA, Appellant,
v.
LIBERTY MUTUAL INS. CO. and Department of Insurance, Appellees.
No. 1D01-3825.
District Court of Appeal of Florida, First District.
December 19, 2002.
*917 Sharon C. Degnan, Esquire and Diane H. Tutt, Esquire of Diane H. Tutt, P.A., Plantation, for Appellant.
Nina K. Brown, Esquire, Mark S. Shapiro, Esquire and Jennifer Cohen Glasser, Esquire of Akerman, Senterfitt and Eidson, P.A., Miami, for Appellee Liberty Mutual Ins. Co., and S. Marc Herskovitz, Esquire, Tallahassee, for Appellee Department of Insurance.
BENTON, J.
Lazaro Padilla appeals the order of the Department of Insurance that, citing Couch v. State Department of Health and Rehabilitative Services, 377 So.2d 32 (Fla. 1st DCA 1979), dismissed his amended petition for declaratory statement because he "ha[d] not demonstrated a present need for the declaratory statement." We affirm.
Initially, as a putative class representative, Mr. Padilla filed a claim in the Circuit Court for the Eleventh Circuit against Liberty Mutual Insurance Company (Liberty Mutual), seeking additional reimbursement for mileage in personal automobile travel to and from medical appointments. See § 627.736(1)(a), Fla. Stat. (2001); Hunter v. Allstate Ins. Co., 498 So.2d 514, 516 (Fla. 5th DCA 1986). On behalf of himself and others allegedly, similarly entitled to such personal injury protection benefits, the complaint he filed in Miami-Dade County asserted that Liberty Mutual's reimbursement rate of 32.5 cents per mile was too low.
Liberty Mutual moved to dismiss in circuit court on several grounds, including its contention that the Department of Insurance (DOI) had primary jurisdiction over the subject matter of the lawsuit. Liberty Mutual argued that the relief sought by the class action complaint would effectively set statewide mileage reimbursement rates, a matter over which it claimed DOI had primary jurisdiction.[1] The circuit *918 court granted the motion to dismiss, without prejudice, on April 6, 2001, reasoning that "this action is inappropriate as a class action and [must be dismissed because Mr. Padilla's individual claim fell below the monetary, jurisdictional threshold for circuit court and also] ... decline[d] to exercise jurisdiction based upon the doctrine of primary jurisdiction." Mr. Padilla appealed the dismissal to the District Court of Appeal, Third District, where the case is now pending. Padilla v. Liberty Mut. Ins. Co., No. 3D01-1187 (filed May 2, 2001).
He then filed a petition for declaratory statement with the Department, asking it to determine whether (as the circuit court in Miami-Dade County had concluded) DOI had primary jurisdiction to determine the rate of reimbursement for personal automobile mileage payable under personal injury protection policies.[2] By a subsequent amendment, he sought a declaratory statement in which DOI would not only answer the jurisdictional question, but would also "declare the proper amount to be reimbursed pursuant to the terms of the PIP statute should [DOI] have jurisdiction." DOI allowed Liberty Mutual to intervene in opposition to the petition. See generally Fla. Ass'n of Nurse Anesthetists v. Dep't of Prof'l Regulation, 500 So.2d 324, 326 (Fla. 1st DCA 1986) (noting that, when such intervention is allowed, the intervenor is a proper party on appeal).
We are not unmindful of the recent teachings of our supreme court with regard to primary jurisdiction, including those in which the court said, quoting United States v. Western Pac. R.R. Co., 352 U.S. 59, 63, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956):
The doctrine of primary jurisdiction ... is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.... "Primary jurisdiction" ... applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires resolution of issues which, under a regulatory scheme, have *919 been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its review.
Flo-Sun, Inc. v. Kirk, 783 So.2d 1029, 1037 n. 5 (Fla.2001) ("Accordingly, ... primary jurisdiction operates where a party seeks to invoke the original jurisdiction of a court to decide issues which may require resort to administrative expertise. See generally Louis L. Jaffe, Primary Jurisdiction, 77 Harv. L.Rev. 1037 (1964)."). Our supreme court explained that the doctrine of primary jurisdiction is designed to foster, not to frustrate, the work of administrative agencies:
The doctrine of primary agency jurisdiction operates "to ... coordinate[] the work of the court and the agency by permitting the agency to rule first and giving the court the benefit of the agency's views...." Hill Top Developers v. Holiday Pines Serv. Corp., 478 So.2d 368, 370 (Fla. 2d DCA 1985) (quoting Mercury Motor Express, Inc. v. Brinke, 475 F.2d 1086, 1091-92 (5th Cir.1973) (emphasis added).) Thus, where the doctrine is applicable, the court is to suspend consideration of the issues until these have been presented to the appropriate administrative agency. See, e.g., Hill Top Developers, 478 So.2d at 370 (finding that application of primary jurisdiction" simply would have required the trial court to abate the proceeding until such time as an order was issued by the [Public Service Commission], pursuant to its powers."). Similarly, in Bal Harbour Village, the Third District ... noted that "[t]he dismissal is, of course, without prejudice to Bal Harbour to pursue its environmental objections with the [DEP]." 678 So.2d at 364.
Flo-Sun, Inc., 783 So.2d at 1041. Clearly, a pending court case does not automatically preclude related administrative proceedings of all kinds. See Flo-Sun, Inc., 783 So.2d at 1037 n. 5; Fla. Marine Fisheries Comm'n v. Pringle, 736 So.2d 17, 21-22 & n. 3 (Fla. 1st DCA 1999); Bal Harbour Vill. v. City of N. Miami, 678 So.2d 356, 364 (Fla. 3d DCA 1996).
An agency with primary jurisdiction can ordinarily go forward with substantial interest proceedings, for example, despite the pendency of related judicial proceedings. See Flo-Sun, Inc., 783 So.2d at 1036-38 & nn. 4-5; S. Lake Worth Inlet Dist. v. Town of Ocean Ridge, 633 So.2d 79, 86-87 (Fla. 4th DCA 1994). "The provisions of [section 120.569] apply in all proceedings in which the substantial interests of a party are determined by an agency...." § 120.569(1), Fla. Stat. (2001); see Fla. Admin.Code R. 28-106.101 (indicating that section 120.569 "shall apply in all proceedings in which the substantial interests of a party are determined by the agency"). See also Bishop Assocs. Ltd. P'ship v. Belkin, 521 So.2d 158, 159-60 (Fla. 1st DCA 1988). But Mr. Padilla did not seek relief under section 120.569 or ask for an administrative hearing under section 120.57(1). Cf. Fla. Optometric Ass'n v. Dep't of Prof'l Regulation, 567 So.2d 928, 936 (Fla. 1st DCA 1990); Truman Annex Co. v. Fla. Keys Aqueduct Auth., 526 So.2d 724, 725 (Fla. 3d DCA 1988). He sought only a declaratory statement.
Where questions presented in a petition for declaratory statement are at issue in pending judicial proceedings, the administrative agency to whom the petition is addressed should refrain from issuing a declaratory statement until the proceedings in court conclude. See Kruer v. Bd. of Trustees, 647 So.2d 129, 134 (Fla. 1st DCA 1994); Suntide Condo. Ass'n v. Div. of Fla. Land Sales, 504 So.2d 1343, 1345 (Fla. 1st DCA 1987); Couch, 377 So.2d at 33-34. See also Novick v. Dep't of Health, 816 So.2d 1237, 1240 (Fla. 5th DCA 2002) ("[A] declaratory statement is *920 not an appropriate remedy where there is related pending [administrative] litigation...."); Fox v. State, Bd. of Osteopathic Med. Examiners, 395 So.2d 192, 193 (Fla. 1st DCA 1981). As has been previously indicated,
it as an abuse of authority for an agency to either permit the use of the declaratory statement process by one party to a controversy as a vehicle for obstructing an opposing party's pursuit of a judicial remedy, or as a means of obtaining, or attempting to obtain, administrative preemption over legal issues then pending in a court proceeding involving the same parties.
Suntide Condo. Ass'n, 504 So.2d at 1345. "[W]hen a case is properly pending in a circuit court, a party cannot compel an agency through a declaratory statement petition to give opinions or decisions concerning the issues, or as to the outcome of controversies, then pending in the court." Kruer, 647 So.2d at 134. Here the question of primary jurisdiction was (and is still) at issue in the appeal pending in the Third District, and there was no need or justification for DOI to issue a declaratory statement on the point. See Kruer, 647 So.2d at 134; Suntide Condo. Ass'n, 504 So.2d at 1345; Couch, 377 So.2d at 33-34. DOI correctly dismissed the petition for declaratory statement on this basis.
Even if his petition for declaratory statement could somehow be construed as seeking a substantial interest proceeding under sections 120.569 and 120.57(1), moreover, dismissal would have been proper, because DOI does not have statutory authority to adjudicate simple contractual disputes about the amounts of benefits payable under personal injury protection policies.[3] Under the statutory scheme, the courts decide, case by case, whether insurers have met their obligations[4] to pay personal injury protection benefits under section 627.736(1)(a). See § 627.736(4)(b) & (11), Fla. Stat. (2001). Nor can the petition for declaratory statement be deemed a demand for mediation under departmental auspices. See § 627.745, Fla. Stat. (2001); Fla. Admin. Code R. 4-176.022. In any event, the deadline for such a demand was long past by the time Mr. Padilla filed his petition for declaratory statement. See § 627.745(1)(a), Fla. Stat. (2001) ("either party may demand mediation of the claim prior to the institution of litigation").
Affirmed.
KAHN and LEWIS, JJ., CONCUR.
NOTES
[1] Liberty Mutual contended that the Department should be given an opportunity to set such rates before the courts acted, but did not cite any statute or rule giving DOI specific authority to set mileage reimbursement rates.
[2] In relevant part, the petition alleged as follows:

3. Petitioner was involved in a motor vehicle accident. As a result of the accident, petitioner received medical treatment. Petitioner used his private automobile to travel to and from his medical services providers. Petitioner made a claim for Personal Injury Protection [PIP] benefits from his insurer ... for the use of his automobile to travel to and from the medical services. Petitioner's insurer paid Petitioner 32.5 cents per mile for the use of his automobile.
4. Claiming that his insurer should have paid him more than 32.5 cents per mile, Petitioner filed a class action lawsuit against his insurer. The insurer sought dismissal of Petitioner's complaint based, among others, upon the "primary jurisdiction" doctrine, i.e., that Petitioner's claim fell within the ambit of [DOI]'s jurisdiction. The trial court agreed with the insurer and dismissed Petitioner's complaint based upon the "primary jurisdiction" doctrine.
....
6. The trial court effectively deferred Petitioner's PIP claim to [DOI] for resolution. Obviously, Petitioner is affected by the statutory scheme according to which the insurer has explicitly contended and the court implicitly determined that his PIP claim should be adjudicated by [DOI].
7. Petitioner contends that [DOI] lacks the statutory authority to meddle in his PIP claim. Although [DOI] has jurisdiction over insurance premium "rates" which Petitioner may be charged by his insurer, it does not have jurisdiction to determine the amount per mile his insurer should pay Petitioner for the use of his automobiles to travel to and from medical services under Florida's PIP statutory scheme.
8. Accordingly, Petitioner asks [DOI] to issue a declaratory statement as to whether it has "primary jurisdiction" over Petitioner's PIP claim-as indicated by the trial court's dismissal order.
[3] Although the Department has authority to regulate the rates at which insurers charge premiums, see §§ 627.011-381, Fla. Stat. (2001), DOI has no statutory authority, rulemaking or otherwise, to set mileage reimbursement rates payable as benefits under section 627.736(1)(a), Florida Statutes (2001). Cf. § 627.736(5)(b), Fla. Stat. (2001).

Nothing in Chapters 624 or 627 confers any authority on DOI to determine the amount an insurer should pay as personal automobile mileage reimbursement in an ordinary contract dispute. Compare § 440.13(12), Fla. Stat. (2001) (creating panels to set maximum reimbursement allowances for medical care under the Workers' Compensation Law).
[4] DOI's authority to investigate and hold hearings under sections 624.317 and 624.321, which arises only when DOI has reason to believe someone "has violated or is violating any provision of [Chapter 624]," § 624.317, Fla. Stat. (2001), does not, of course, depend on judicial proceedings, judgments or decrees. If an insurer makes excessive profits on motor vehicle insurance, DOI has authority to order refunds or credits, but not to increase benefits. See § 627.066(7), Fla. Stat. (2001).