PER CURIAM.
Appellant Ernest Bass instituted a civil action against appellee Servpro Industries, Incorporated, asserting various claims arising from a franchise relationship be *1007 tween the two parties. The trial court granted final judgment in favor of Servpro after ruling for it on various motions to dismiss and motions for summary judgment. On appeal, Bass challenges many of these rulings. We affirm without further comment except in regard to the following claims.
First, the trial court erred in dismissing the claims in counts IV, VIII, and IX of the second amended complaint and counts III and V of the third amended complaint because Bass sufficiently alleged facts that, if true, would entitle him to relief. See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 800 (Fla. 1st DCA 1999). The trial court also erred in dismissing count I, paragraph 13Q of the fourth amended complaint because “a stay, not a dismissal or abatement, was the proper remedy in this case.” Corcoran v. Fed Land Bank of Columbia, 478 So.2d 1161, 1163 (Fla. 1st DCA 1985). We reverse the trial court’s orders as to these claims.
Second, the trial court erred in granting summary judgment on the claims in count I, paragraphs 13B, 13L, 17A(ii), 17D, 17E, 17F, and 17G of the third amended complaint because Servpro did not meet its burden of presenting competent evidence that proved the nonexistance of any genuine issue of material fact and that it was entitled to judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, 760 So.2d 126, 130 (Fla.2000). Accordingly, we reverse the trial court’s orders as to these claims.
AFFIRMED in part, REVERSED IN PART, and REMANDED.
WOLF, C.J., LEWIS and POLSTON, JJ., concur.