NEILL G. WADE, AND NEILL G. WADE JR., AS SURVIVING PARTNERS OF THE LATE FIRM OF WADE, CLOWER AND WADE, HERETOFORE COMPOSED OF NEILL G. WADE, M. D. CLOWER AND NEILL G. WADE, JR., *Appellants*, v. EUGENE CLOWER, AS ADMINISTRATOR OF AND FOR THE ESTATE OF M. D. CLOWER, DECEASED, *Appellee*.

Division A.

Opinion Filed October 31, 1927.

Petition for Rehearing denied December 10, 1927.

818

*H. L. Anderson,* for Appellants;

*Hampton & Hampton,* for Appellees.

STATEMENT.

BROWN, J.—Neill G. Wade and Neill G. Wade, Jr., and M. D. Clower for some years composed the firm of Wade, Clower and Wade, which was engaged in general railroad construction business. Mr. M. D. Clower died and the business of the firm was carried on by the surviving partners, assisted by Dr. Eugene Clower, brother and administrator of the estate of the deceased partner, until a certain construction contract was completed. The surviving partners and the administrator of the deceased partner were not able to make an amicable settlement of the partnership affairs. In fact, considerable suspicion and distrust appears to have arisen between the parties. There were several different suits between them, growing out of disputes with regard to parnership matters, before the instant suit was brought by Dr. Clower against the two surviving partners in the Circuit Court of Alachua County for an accounting and settlement of the partnership, and, incidentally, for an injunction against the sale of certain per-

sonal property of the partnership. This suit by the administrator for an accounting and settlement of the partnership matters was removed by the defendants to the Federal Court upon the ground of diversity of citizenship, Dr. Clower being a citizen of Georgia, but on motion of the complainant the cause was remanded to the State Court. The defendants, Neill G. Wade, Sr., and Neill G. Wade, Jr., filed both a demurrer and answer to the bill, and upon the demurrer being overruled took an appeal to this Court with supersedeas. After defendant's demurrer to the bill had been overruled and exceptions to their answer had been sustained, and after the suit had been pending in the State Court for about two months, the defendants filed a bill in the Federal Court against the complainant in the State Court suit for an accounting and settlement of the partnership affairs. The defendant, Clower, moved the Federal Court for a stay of proceedings in that case on account of the pendency of the suit in the State Court involving the same subject matter, but this motion was denied. The complainants in the Federal Court proceedings pressed this suit to a hearing, with the result that testimony was taken and an accounting had, and a final decree rendered before any further action of importance was taken in the proceedings in the State Court. Meanwhile the orders that had been appealed from in the State Court suit had been affirmed by this Court. In his opinion in connection with his final decree, the Federal judge remarked that he was "somewhat at a loss to know why the estate could not have been settled in the suit by the administrator of the deceased partner (referring to the suit in the State Court), which would have made the present suit unnecessary."

In the final decree rendered in the Federal Court against the administrator of the deceased partner, certain attor-

neys' fees, amounting to $6,000.00, incurred by the surviving partners in the several suits between them and the administrator of the deceased partner in the State Courts, preceding and not including the instant suit, were charged against the defendant administrator. After reviewing the various suits between the parties, and charging attorneys' fees incurred by the surviving partners, as above mentioned, against the administrator of the deceased partner, the Federal judge decreed that each of the parties in the suit in the Federal Court should be required to bear their respective attorneys' fees, and held that such attorneys' fees were not proper charges on the co-partnership estate, but provided that the costs in said suit should be taxed and paid out of the partnership assets.

It will thus be seen that there was no specific ruling by the Federal Court with regard to the attorneys' fees which had been incurred in the instant suit in the State Court during the period of its pendency, either before or after the time of the commencement of the suit in the Federal Court.

The Federal Court decree, however, did settle the accounting between the surviving partners and the administrator of the deceased partner and distributed the partnership assets, decreeing that the surviving partners should pay to the administrator of the deceased partner a certain sum in money, and also deliver to him certain personal property of the partnership assets, and decreed that such payment and delivery of property "shall operate as a complete satisfaction of this decree, and shall be a full and complete settlement by the plaintiffs, as the surviving partners of the firm of Wade, Clower and Wade, with the defendant, as the administrator of the estate of M. D. Clower, deceased. of all the interests of the defendant and all of the interests of the heirs-at-law of M. D. Clower,

deceased, in and to all of the co-partnership assets of the firm of Wade, Clower and Wade, and shall operate as a full and complete acquittance and release unto the plaintiffs of and from all liability of the plaintiffs, as surviving partners of said firm of Wade, Clower and Wade, unto the defendant as the administrator of the estate of M. D. Clower, deceased, and unto all of the heirs-at-law of the said M. D. Clower, deceased.''

Shortly after the rendition of the final decree in the Federal Court, the defendants in the instant case in the State Court filed an amended and supplemental answer, which set up the adjudication and final decree in the Federal Court, alleging ''that all matters of every kind and nature involved in this suit were duly and finally adjudicated and settled, and that since the entry of said decree in said United States District Court these defendants have fully satisfied the said decree,'' etc., and ''these defendants here plead the final decree in said cause recently pending in the United States District Court, Southern District of Florida, and the release and satisfaction of said decree by the complainant herein, as a bar to the further prosecution of this suit, and pray an order of this honorable Court finally dismissing this cause at the cost of the complainant.''

A few days after the filing of the amended and supplemental answer, the complainants' solicitors filed a motion to strike certain portions thereof, and then proceeded to make proof before a special master who had been appointed sometime before, of the costs and attorneys' fees incurred by the complainant in the instant suit. The complainants also introduced in evidence before the master the final decree of the Federal Court above referred to. The defendants offered no testimony, and after the time had expired for taking testimony the master made his report,

in which he recited the proceedings had before him, the testimony, exhibits, etc., being attached to his report, and closed with this statement, ''from the exhibits filed by the complainant's solicitors it appears that the accounting involved in the instant suit has been finally adjudicated by Honorable R. M. Call, Judge, of the District Court for the Southern District of Florida, in a suit between the same parties. It further appears that the suit in the Federal Court was instituted subsequent to the filing of suit and the service of process in the instant case. Under the existing conditions I have deemed it wise not to make a finding, but to report the testimony to the Court and ask for instructions as to whether the Court authorizes a finding as to the attorneys' fees and costs, which is insisted upon by counsel for the complainant.''

The complainant gave notice of final hearing and argument of the cause upon the pleadings, proof and special master's report, and that they would apply for a decree requiring the defendants to pay solicitors' fees and costs incurred in the case. This notice was served upon the attorney of record for the defendants. The Circuit Judge rendered his final decree, and within a few days thereafter the defendants filed their motion to remove from the files the report of the special master and to open the final decree, upon the ground, *inter alia,* that it was impossible for the defendants' attorney to be present at the hearing before the special master, by reason of his professional engagements at Jacksonville, and that the defendants had had no opportunity to introduce any proof or enter any objections to the testimony offered by the complainant. It does not appear from the record that the solicitor for the defendants had before the time set for the taking of testimony made any effort to obtain an extension of time. by agreement or otherwise.

The above motion does not appear to have been ruled upon. However, a few days later the defendants' solicitor filed a petition for rehearing, which the circuit judge granted. No further steps were taken in the case for some months, until the complainant's solicitors gave counsel for the defendants notice, which seems to have been duly served by the sheriff of Duval County, that an application would be made on a date named for a final hearing and argument of the case upon the pleadings, proofs and master's report, upon the rehearing which had been allowed. On the date named, the circuit judge rendered the final decree in this case, from which this appeal is taken. This decree recites that the cause had been submitted upon rehearing and argued by counsel for the complainant and defendants, respectively. The decree granted the motion of complainant to strike certain parts of the amended and supplemental answer of the defendants, excepting such part of said answer as set up in defense the final decree rendered by the judge of the United States District Court ''involving the partnership accounting between the same parties, which final decree was rendered the 16th of April, 1924, having been filed in evidence by the complainant's solicitor.'' The decree continues, ''and it further appearing to the Court from the report of the testimony before the special master that the bill filed in the United States District Court for the Southern District of Florida, involving the same subject matter, by N. G. Wade and N. G. Wade, Jr., as surviving partners, against Eugene Clower as administrator of M. D. Clower, deceased, was filed and instituted in the said Federal court subsequent to the acquiring of jurisdiction by this Court of the parties and the subject matter involved herein, and that it is the duty of this Court to complete the adjudication herein, except as to the accounting already finally adjudicated by the

said judge of the said Federal court, and testimony having been taken herein by the complainant as to the incurring of costs and attorneys' fees and as to the amount of attorneys' fees to be allowed to complainant's solicitors herein: thereupon, upon consideration hereof, it is ordered, ad judged and decreed that the complainant is entitled to recover the costs and attorneys' fees incurred by him in this case, and that the complainant, Eugene Clower, as administrator of and for the estate of M. D. Clower, deceased, do have and recover of and from the defendants, Neill G. Wade and Neill G. Wade, Jr., as surviving partners of the late firm of Wade, Clower and Wade, heretofore composed of Neill G. Wade, M. D. Clower and N. G. Wade, Jr., the sum of $3,500.00 as attorneys' fees incurred by said complainant in this suit, together with the costs of this suit to be taxed up by the clerk of this Court * * * and that said sums be paid within thirty days from date, and if not so paid, then that execution do issue hereon upon application of complainant's solicitors to be levied upon the goods and the chattels, lands and tenements, of the said defendants, Neill G. Wade and Neill G. Wade, Jr., as surviving partners of the late firm of Wade, Clower and Wade, as aforesaid. It is further ordered that after the payment of the said attorneys' fees and costs, that the complainant's bill be dismissed.''

As to the reasonableness of the attorneys' fees incurred by the complainant, the Court had before it evidence taken before the master as to the amount of work done by counsel for complainant, as well as testimony of two attorneys, one testifying that $4,000.00 would be a reasonable fee and the other, $5,000.00.

The appellants also lodged a motion in this Court to strike from the transcript and to tax against the appellees the costs and expenses of including in the transcript certain

portions of the record deemed by the appellants as unnecessarily encumbering the record.

BROWN, J. (after stating the facts as above):

Except as judgments of State courts are subject to review in proper cases by the Federal Supreme Court, or as to those actions originally brought in a State court which may lawfully be removed to a Federal court, the the Courts of the United States and the various States are independent of each other, and the pendency of a suit in one of such courts is not a bar to a suit in another such court involving the same controversy, although, as a matter of comity, one of such courts will not ordinarily determine a controversy of which another of such courts has previously obtained jurisdiction. 15 C. J. 1152.

Where a State and Federal court have concurrent jurisdiction over the same parties or privies and the same subject matter, the tribunal where jurisdiction first attaches retains it exclusively and will be left to determint the controversy and to fully perform and exhaust its jurisdiction and to decide every issue or question properly arising in the case. This jurisdiction continues until the judgment rendered in the first action is satisfied and extends to proceedings which are ancillary or incidental to the action first brought. Accordingly, where the jurisdiction of a State or a Federal court has once attached, it cannot be taken away or arrested by proceedings subsequently instituted in the other court; but the usual practice is for the court in which the second action is brought not to dismiss such action, but to suspend proceedings therein until the first action is tried and determined. 15 C. J. 1161-1163; Black on Judgement, sec. 939a; 7 R. C. L., 1067 et seq.

In the case of Covell v. Heyman, 111 U. S. 176, 28 L. Ed. 390, it was said by the Supreme Court of the United States, ''The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise toward each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity with perhaps no higher sanction than the utility which comes from concord; but between State courts and those of the United States, it is something more. It is a principle of right and of law, and, therefore, of necessity. It leaves nothing to discretion or mere convenience.''

Although, when this cause was attempted to be removed to the United States District Court for the Southern District of Florida, the distinguished judge of that Court remanded the cause to the State court, and subsequently declined to enjoin the proceedings in the State court, and remarked in his final decree, above quoted from, that he was ''somewhat at a loss to know'' why the partnership estate could not have been settled in the suit by the administrator of the deceased partner in the State court, yet, when the complainant in the State court suit moved the Federal court to stay its proceedings, setting up the pendency and priority of the suit in the State court involving the same parties and the same subject matter, the Federal court, in an order without opinion and for some reason not disclosed, overruled the motion.

The complainant's motion for a stay of proceeding in the Federal court having been overruled, and, the proceeding in the State court having been delayed by the dilatory tactics of counsel for defendants, the proceeding in the Federal court ripened into final decree before the termination of the suit in the State court.

This status of affairs brought into operation the follow-

ing propostions, which are well stated in Secs. 791 and 939a of 2nd Ed. of Black of Judgments:

"The fact that a judgment was obtained after the commencement of the suit in which it is pleaded does not prevent its being a bar. It is the first judgment for the same cause of action that constitutes an affective defense, without regard to the order or time in which the suits were commenced. Hence it even follows that a prior judgment upon the same cause of action sustains the plea of a former recovery although the judgment is in an action commenced subsequent to the one in which it is pleaded."

"And where suits upon the same cause of action are pending simultaneously in a State court and in a Federal court, a final judgment entered in either court will be binding and conclusive in the other, without any regard to the question which suit was first commenced."

See also 7 R. C. L., 1069-70; 15 R. C. L. 889-990.

This doctrine is particularly appropriate here, inasmuch as the complainant in the instant suit, after his motion to stay proceedings in the Federal court had been overruled, participated in the proceedings in that court and accepted there fruits of the final decree therein rendered, without appeal.

It will have been observed, however, that the attorneys' fees and court costs in the instant suit were not adjudicated in the suit in the Federal court. The decree in that court charged against the complainant certain fees incurred in three different cases between the parties which preceded the instant case, but had nothing to say whatever about the attorneys' fees and costs in this case, which was then pending and undisposed of in the State court. Whether in these circumstances a judgment in the Federal court, upon the principles of *res judicata,* could operate as a bar to the recovery by the complainant of attorneys' fees, which

were expressly prayed to be allowed in the bill filed by him in the State court, is a question upon which no decisions in point have been cited by either side, nor have we been able to find any.

The general rule as to the conclusiveness of a former judgment is thus stated in Black on Judgments, Sec. 731: "A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." See also 15 R. C. L. 951, 962-4; Grey v. Grey, 91 Fla. 103, 107 So. 261; Yulee v. Canova, 11 Fla. 2, 56; G. L. Miller & Co. v. Carmichael-McCalley Co., 109 So. 198. But this matter of allowance of solicitors' fees and court costs was not a matter which was specifically litigated in the case in the Federal court or covered by its decree, nor was it a matter which "might with propriety have been litigated and determined in that action." As the case in the State court was still pending, and as the matter of solicitors' fees and court costs in such case was peculiarly one to be ascertained and determined by the State court, the Federal court very properly made no effort to adjudicate the same. This view is strengthened by the fact that the State court had priority of jurisdiction over both the subject matter and the parties.

We are not unmindful of the rule laid down in Gentry-Futch Company v. Gentry, 90 Fla. 595, 106 So. 473, but we are of the opinion that upon the facts of this case it does not fall within the operation of that rule. Nor does this case fall within the influence of the doctrine announced

in Lewis v. Gallard, 70 Fla. 172, 69 So. 797, and the cases therein cited.

"As a rule the costs of a suit for a partnership accounting, including the fees of experts and of attorneys, are to be paid out of the partnership estate, or if this is insufficient they are to be borne by the partners in proportion to their respective partnership shares. But, as in other equity suits, the court may exercise discretion in the award of costs, and it not infrequently charges the entire costs to one or some of the partners, either as a sort of punishment for misconduct, or because he has needlessly forced or prolonged the litigation, or because for some other reason the court concludes that justice demands it." 30 Cyc. 749-750.

"A judgement in an action for partnership accounting and settlement is conclusive upon the parties thereto as to all issues properly brought before the court, until it has been legelly set aside; but it does not conclude as to matters not before the court at the time of the settlement." 30 Cyc. 751.

We conclude, therefore, that where, as in this case, the defendants in a suit in equity in the State court for an accounting and settlement of a partnership, pending such suit, bring suit against the complainant in the Federal court upon the same cause of action and procure a decree therein which does not specifically adjudicate the matter of solicitors' fees and court costs in the suit pending in the State court, which latter court had priority of jurisdiction, the State court, the exercise of whose jurisdiction to finally determine the entire cause of action has been thus anticipated and interrupted, may go on to a complete adjudication of all matters within the scope of the issue of the cause pending therein or appropriately incidental thereto, that have not been settled and adjudicated in the decree already

procured in the Federal court, and certainly so as to such matters as the allowance of solicitors' fees and court costs in that case which are peculiarly within the power of the State court to fix and determine.

Appellants' motion to strike from the transcript certain portions of the record will be denied. We are satisfied that while some of these papers might have been recited instead of copied in full, they were required by appellees to be placed therein in good faith and all but a negligible quantity of these documents tend to throw light on the question involved in this appeal.

There was ample evidence to sustain the chancellor in allowing solicitors' fees in the amount named in his decree, but aside from this the contention of appellants seems to have been, not that the amount was excessive, but that the court was precluded from acting by reason of the Federal court's decision.

We have considered all the contentions of counsel on both sides but we deem that the controlling questions in this case are governed by the principles above stated. The final decree appealed from will therefore be affirmed.

Affirmed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.