SMITH, Judge.
The plaintiffs, appellants here, Severiano Jorge and Tabacalera Severiano Jorge, S. A., filed their complaint in the Circuit Court of Hillsborough County seeking a Declaratory Decree and other relief against the defendants, appellees here, the Antonio Company (a Florida corporation), Standard Cigar Company (a Florida corporation), and the Republic of Cuba. The Republic of Cuba was not served with process and, upon motions of the other defendants, the Court dismissed the cause without prejudice. Tabacalera, the corporate plaintiff, is a corporation organized and existing under the laws of the Republic of Cuba with its principal place of business in Havana and is there engaged in the business of selling leaf tobacco used in the manufacturing of cigars. The individual plaintiff, Severiano Jorge, was and is a citizen of the Republic of Cuba, who now resides in Miami whence he fled from the revolutionary government of Fidel Castro.
In 1960, Tabacalera sold and delivered ini Havana to Antonio and to Standard, in *468 separate transactions, leaf tobacco, with the agreement that the purchasers would pay for each shipment the agreed purchase price in Havana ninety to one-hundred days after shipment. After shipment and before payment became due, the Republic of Cuba seized and intervened the entire Cuban tobacco industry which included Tabacalera, appointing Armando Lobeto Alvarez its in-terventor, placing him in charge of Tabaca-lera, after removing its stockholders, directors and officers. The interventor demanded that Antonio and Standard pay to Tab-acalera in Havana the sums due for the sale of the tobacco. Acting through Mr. Jorge, Tabacalera filed an action for damages against Antonio and an action for damages against Standard in the United States District Court for the Southern District of Florida, Tampa Division, seeking to recover the sums of money due for the sale of the tobacco. During the pendency of the Federal Court actions, and prior to the institution of the Declaratory Decree action in the Circuit Court, Tabacalera, acting through Mr. Jorge, assigned the accounts receivable to Mr. Jorge. In the Federal Court action against Standard, a final judgment was entered dismissing the cause on the ground of forum non conveniens. On appeal, the United States Court of Appeal for the Fifth Circuit reversed the District Court’s dismissal of the complaint, holding that in order for the doctrine of forum non con-veniens to come into play, the defendants “must show that these plaintiffs, refugees from Castro’s Cuba, can obtain justice in the courts of Cuba” and that no such showing had been made. That Court also rejected the contention that the dismissal should be affirmed in the name of the Act of State Doctrine, stating that “when the executive branch of our Government announces that it does not oppose inquiry by American courts into the legality of foreign acts, an exception to the judicial abnegation required by the act of state doctrine has arisen.” The Court concluded that it was for the District Court to determine, upon development of all the facts, whether the Cuban decrees were confiscatory or whether the particular decrees are otherwise violative of fundamental concepts of justice and, therefore, without status in these particular cases, since there was not in the records any objection of any kind from the State Department. See Tabacalera Severiano Jorge, S. S. v. Standard Cigar Company, U.S.C.A. Sth, 311 F.2d 438.
The Federal Court action by Tabacalera against Antonio was voluntarily dismissed by the plaintiff. During the pendency of the Federal actions, the case at bar was dismissed without prejudice upon the ground of forum non conveniens in that all of the matters in question occurred in the Republic of Cuba where payment was agreed to be made and that the actions of the Republic of Cuba in seizing and intervening the corporate plaintiff was not reviewable by that court under the Act of State Doctrine. The lower court also deemed important the fact that the Republic of Cuba is a necessary party not before the court, and in a scholarly, comprehensive and informative final decree dismissed this cause of action “without prejudice to the rights of the plaintiffs to prosecute any claims they may have against the defendants, or either of them, in any other appropriate forum.”
Without determining the merits of this appeal at this time, we shall consider the question as to whether or not the pendency of the actions in the Federal Court on the same subject matter and between the same parties is a ground for abatement of this subsequent suit in the State Court. This question has been answered in the negative in Florida in State of Florida ex rel. Dos Anigos, Inc. v. Lehman, 1930, 100 Fla. 1313, 131 So. 533. But, irrespective of the fact that the prerequisites of a plea of abatement are not met, the State Courts with only a few exceptions have recognized the power to Stay a proceeding until determination of a pending Federal action. See Wade v. Clower, 1927, 94 Fla. 817, 114 So. 548; and State ex rel. Sherrill v. Milam, 1934, 116 Fla. 492, 156 So. 497. This is particularly applicable to a State action for declaratory relief. 16 Am.Jur., Declaratory Judgments, *469 § 14. We, therefore, determine that we should suspend the proceedings herein until the actions in the Federal Court are tried and determined. An appropriate order will be entered with directions to the parties to file an appropriate motion when the Federal Court actions have been tried and determined.
SHANNON, C. J., and WHITE, J., concur.