350 So.2d 116 (1977)
ITT-COMMUNITY DEVELOPMENT CORPORATION, Appellant,
v.
HALIFAX PAVING, INC., Appellee.
ITT-COMMUNITY DEVELOPMENT CORPORATION, Petitioner,
v.
HALIFAX PAVING, INC., Respondent.
Nos. FF-361, FF-435.
District Court of Appeal of Florida, First District.
September 21, 1977.
Rehearing Denied October 18, 1977.
*117 Mark Hicks, of Blackwell, Walker, Gary, Powers, Flick & Hoehl, Miami, for appellant.
Lawrence O. Sands, Daytona Beach, for appellee.
SMITH, Judge.
ITT-Community Development Corporation presents an interlocutory appeal in FF-361 from a circuit court order relating to venue and a petition for common law certiorari in FF-435 to review the same court's order denying petitioner's motion to stay proceedings pending disposition of a case earlier and still pending between the same parties, involving similar issues, in United States District Court for the Middle District of Florida.
The interlocutory appeal will be dismissed. ITT's motion for change of venue from Flagler County asserted in effect that appellant is so odious to the inhabitants and prospective jurors in Flagler County that a fair trial is impossible there on issues pertaining to appellant's Palm Coast development. Affidavits of appellee Halifax filed in opposition to the motion for change of venue colorably show a possibility of impaneling a fair and impartial jury. The trial court therefore did not err in denying the motion without prejudice to renewal should reasonable attempts to impanel an impartial jury at trial be unsuccessful. See Florida East Coast Railway Co. v. Hardee, 167 So.2d 68 (Fla.3d DCA 1964); Stephens v. Bradley, 24 Fla. 201, 3 So. 415 (1888); and Williams v. Dickenson, 28 Fla. 90, 9 So. 847 (1891).
Nor did the trial court depart from the essential requirements of law by denying ITT's motion for stay pending disposition of the federal action. Disposition of the federal action would unquestionably dispose of the issues in this case; and the federal action was, as asserted by ITT, previously pending. Florida litigation need not be abated because of a previously-filed action in a federal district court in Florida. State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533 (1930). Nevertheless, Wade v. Clower, 94 Fla. 817, 826, 114 So. 548, 551 (1927) suggests that a stay of the action last filed is and should be "the usual practice" in the interests of state-federal comity. See also State ex rel. Sherrill v. Milam, 116 Fla. 492, 156 So. 497 (1934); and Jorge v. Antonio Co., 151 So.2d 467 (Fla.2d DCA 1963). The United States Court of Appeals for the Fifth Circuit, making no distinction between abatement and stay, has held unequivocally that a federal district court action would be neither stayed nor abated pending disposition of a previously-filed Florida state court action involving the same issues and parties. Ermentrout *118 v. Commonwealth Oil Co., 220 F.2d 527 (5th Cir.1955). We conceive that a Florida trial court has power to weigh the circumstances for and against a stay, including as here the unlikelihood of early disposition of the federal trial. The trial court did not err in denying the stay.
We have not overlooked Armstrong v. Romanach, 165 So.2d 817 (Fla.3d DCA 1964). The District Court of Appeal was there concerned with its "power to stay" proceedings in Florida litigation pending the conclusion of foreign litigation, and did not intimate the trial court would have been without authority, on a proper showing, to deny a stay. No motion for stay was there presented to the trial court, which had simply entered summary judgment for defendants in an action on a note, on the ground that plaintiff had effectively elected an exclusive remedy by repossessing pledged chattels in Texas and prosecuting a Texas foreclosure action. The District Court of Appeal found summary judgment inappropriate but stayed further prosecution of the Florida action, holding that "It will be time aplenty when the Texas proceedings have been concluded for the court ... to decide the question of election of remedies and other matters which may be raised by the parties." In the case before us, the motion to stay was submitted to the trial court, which had power to and did determine the stay issue in the light of federal court docket congestion in civil cases, concerning which representations were made to the trial court by counsel.
The interlocutory appeal is DISMISSED and the petition for common law certiorari is DENIED.
MILLS, Acting C.J., and ERVIN, J., concur.