PER CURIAM.
Michael Gillis and Prudence Gillis (petitioner and respondent, respectively) are subjects and residents of the United Kingdom. Mrs. Gillis instituted divorce proceedings in England, which resulted in a judgment of divorce. Her request for child support was not ruled upon at that time and is presently pending in England. In the interim, the husband came to Dade County where he presently resides on a non-immigrant visa. Thereupon, the wife, through Miami counsel, filed a petition in the trial court in Dade County seeking child support. The husband moved to dismiss the petition, alleging that under the exclusive jurisdiction doctrine the English court, having prior jurisdiction of the child support question, has rendered the Dade County court without jurisdiction of the cause. The motion came on for hearing, at which time the wife moved to abate pending the outcome of the action in England. Thereupon the trial court deferred ruling on the motion to dismiss and abated the action pending determination by the English court. When the cause was not determined in about four months, the wife’s attorney moved for hearing on the deferred motion to dismiss. After hearing thereon, the trial court denied the motion to dismiss and directed the husband to respond to the petition for child support. That order is the subject of this petition for writ of certiora-ri.
We do not agree with the husband’s contention that the trial court does not have jurisdiction of this cause. Ciociola v. Cioci *773 ola, 302 So.2d 462 (Fla. 3d DCA 1974). However, we must quash that portion of the trial court’s order which directed the husband to respond to the petition for child support. Clearly, the English court had prior jurisdiction and the question of child support is presently pending therein. To avoid a duplication of the proceedings in both England and Florida, the trial court should have exercised its sound discretion and stayed the Florida proceedings pending determination of the question in England. See: New Plan Realty Trust v. The Towers Apartments, Inc., 350 So.2d 99 (Fla. 1st DCA 1977). By failing to do so, under the facts of the instant case, the trial court abused its discretion.
Therefore, we hereby quash the order under review and remand the cause to the trial court, with directions to stay the proceedings in the trial court pending completion of Case No. 15586 of 1975, Family Division, in the High Court of Justice of the United Kingdom, relative to child support.
Quashed and remanded, with directions.