453 So.2d 454 (1984)
David SCHWARTZ, Gary Horwitz and Lou Horwitz, Petitioners,
v.
Walter William DeLOACH, Mary E. DeLoach, and Donald I. Roehr, Respondents.
No. 84-793.
District Court of Appeal of Florida, Second District.
July 13, 1984.
Rehearing Denied July 31, 1984.
Robert J. Gill of Harrell, Kokernak, Branning & Gill, P.A., Sarasota, for petitioner David Schwartz.
Raymond T. Elligett, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for petitioners Gary Horwitz and Lou Horwitz.
Steven G. Schember of Kirk, Pinkerton, Savary, Carr & Strode, P.A., Sarasota, for respondents.
GRIMES, Acting Chief Judge.
This is a petition for certiorari to review an order denying a motion to stay pending the disposition of a prior action between the parties in federal court.
Respondents sued petitioners in the Sarasota County Circuit Court on September 16, 1983. The complaint alleged various violations of the federal securities laws, state securities laws, and common law fraud. Upon the motion of one of the petitioners, the case was removed to the Federal District Court for the Middle District of Florida on the ground that the complaint included a federal claim for which exclusive jurisdiction lay in federal court. The respondents did not seek a remand from the federal court. Rather, on December 28, 1983, respondents commenced a second action against petitioners in the Sarasota County Circuit Court. The causes of action in the second state court action were identical to two of the causes of action in the pending federal case. Petitioners filed motions to stay the second state action pending the disposition of the previously filed federal action. The court denied the motion to stay, and this petition is directed to that order.
The Florida Supreme Court has recognized that when a previously filed federal action is pending between the same parties on the same issues, a subsequently *455 filed state court action ordinarily should be stayed until the determination of the federal action. Thus, in Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927), the court said:
Where a state and federal court have concurrent jurisdiction over the same parties or privies and the same subject-matter, the tribunal where jurisdiction first attaches retains it exclusively and will be left to determine the controversy and to fully perform and exhaust its jurisdiction and to decide every issue or question properly arising in the case. This jurisdiction continues until the judgment rendered in the first action is satisfied, and extends to proceedings which are ancillary or incidental to the action first brought. Accordingly, where the jurisdiction of a state or a federal court has once attached, it cannot be taken away or arrested by proceedings subsequently instituted in the other court; but the usual practice is for the court in which the second action is brought not to dismiss such action, but to suspend proceedings therein until the first action is tried and determined.
94 Fla. at 826, 114 So. at 551. Accord Mattox Grocery Co. v. Hay, 87 Fla. 492, 100 So. 747 (1924).
More than once, Florida courts have granted certiorari to quash orders declining to stay cases in favor of prior actions pending in other jurisdictions. Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982), petition for review dismissed, 427 So.2d 736 (Fla. 1983); Gillis v. Gillis, 391 So.2d 772 (Fla. 3d DCA 1980).
Respondents rely almost entirely upon ITT-Community Development Corp. v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1215 (Fla. 1978), in which our sister court held:
Nor did the trial court depart from the essential requirements of law by denying ITT's motion for stay pending disposition of the federal action. Disposition of the federal action would unquestionably dispose of the issues in this case; and the federal action was, as asserted by ITT, previously pending. Florida litigation need not be abated because of a previously-filed action in a federal district court in Florida. State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533 (1930). Nevertheless, Wade v. Clower, 94 Fla. 817, 826, 114 So. 548, 551 (1927), suggests that a stay of the action last filed is and should be "the usual practice" in the interests of state-federal comity. See also State ex rel. Sherrill v. Milam, 116 Fla. 492, 156 So. 497 (1934); and Jorge v. Antonio Co., 151 So.2d 467 (Fla. 2d DCA 1963). The United States Court of Appeals for the Fifth Circuit, making no distinction between abatement and stay, has held unequivocally that a federal district court action would be neither stayed nor abated pending disposition of a previously-filed Florida state court action involving the same issues and parties. Ermentrout v. Commonwealth Oil Co., 220 F.2d 527 (5th Cir.1955). We conceive that a Florida trial court has power to weigh the circumstances for and against a stay, including as here the unlikelihood of early disposition of the federal trial. The trial court did not err in denying the stay.
350 So.2d at 117-118. Cf. Lawyers Professional Liability Insurance Co. v. Shand, Morahan & Co., 394 So.2d 238 (Fla. 1st DCA 1981), in which another panel of the same court subsequently ordered the Department of Insurance to suspend its proceedings pending the outcome of a prior federal action involving the same parties and the same issues.
The fact that the federal court in Ermentrout announced a position which may be inconsistent with principles of state-federal comity can hardly justify the prosecution of duplicate causes of action in a rush to judgment. There may well be circumstances under which the denial of a stay could be justified upon a showing of the prospects for undue delay in the disposition of a prior action. Here, however, without taking any testimony, counsel simply debated the progress of the federal case which had only been pending in the federal court for slightly more than four months. *456 The court's ruling has the effect of circumventing federal removal jurisdiction and requires the petitioners to defend against the same causes of action in two forums.
All of the issues in the case below will be resolved in the federal action. Since the action now pending in federal court was filed first, the court abused its discretion in refusing to stay the subsequent suit.
We grant certiorari, quash the order denying stay, and remand with directions to stay this suit pending disposition of the federal action. Our ruling is without prejudice to respondents later seeking to remove the stay upon a showing of interminable delay in the federal case.
SCHOONOVER, J., concurs.
CAMPBELL, J., dissents with opinion.
CAMPBELL, Judge, dissenting.
Finding myself in accord with the reasoning of ITT-Community Development Corp. v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1215 (Fla. 1978), I would deny the petition for certiorari. The majority puts some emphasis on the lack of testimony before the trial judge and the fact that the issues were presented to the trial judge in the form of legal argument by counsel. I see no fault in that as long as the parties chose that method to present the matter to the trial court. I cannot determine that the trial judge departed from the essential requirements of law in denying the stay.