456 So.2d 554 (1984)
KOEHLKE COMPONENTS, INC., an Ohio Corporation, Petitioner,
v.
SOUTH EAST CONNECTORS, INC., a Florida Corporation, Respondent.
No. 84-1689.
District Court of Appeal of Florida, Third District.
September 25, 1984.
Abrams, Anton, Robbins, Resnick, Schneider & Mager, Bradford J. Beilly, Scott M. Bernstein and Joseph Huss, Hollywood & Boca Raton, for petitioner.
Michael J. Fingar, Miami, for respondent.
Before BARKDULL, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Petitioner, Koehlke Components, Inc., seeks certiorari review of an order denying a Motion to Abate.
Petitioner filed an action for damages against respondent, South East Connectors, Inc., in the United States District Court for the Southern District of Ohio on July 3, 1983, asserting rights under a contract. That action is still pending. On *555 August 1, 1983, respondent commenced this action for declaratory relief seeking a determination of its rights and obligations under the same contract. Petitioner sought, unsuccessfully, to abate the state action on the ground that the same issue was the subject of the pending federal suit.
Generally, a state court will abate an action upon a showing that a prior action involving the same parties and cause of action is presently pending in the same court or other court of like jurisdiction. The pendency of a prior suit in a federal court, however, is not grounds for abatement of a like suit in a state court. State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533 (1930). Instead, the usual practice in such a case is to suspend or stay the proceedings until the first action is determined. Wade v. Clower, 94 Fla. 817, 114 So. 548 (Fla. 1927). Although the trial court has the discretion to deny a stay where the need for state-federal court comity is outweighed by factors such as the congestion of the federal court docket, see ITT-Community Development Corp. v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1215 (Fla. 1978), this case does not present such a situation. Here, the party seeking affirmative relief on the contract was the party who filed the action in federal court and thus accepted the risk of delay. The record reveals no other reason for a departure from the general rule of comity. Refusal to stay the state action pending final disposition of the federal suit constituted an abuse of discretion.
Certiorari granted.