528 So.2d 403 (1988)
Sarosh S. DHONDY, Appellant,
v.
Charles SCHIMPELER, et al., Appellees.
No. 87-1562.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Alan Eichenbaum, Coral Gables, for appellant.
Blackwell, Walker, Fascell & Hoehl and James E. Tribble and Douglas H. Stein, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.

REVISED OPINION
SCHWARTZ, Chief Judge.
The plaintiff-appellant has filed three identical complaints in the circuit court seeking damages from the defendants-appellees. He took a voluntary dismissal of the first one on July 11, 1985, see Dhondy v. Schimpeler, 528 So.2d 484 (Fla. 3d DCA 1987); Dhondy v. Schimpeler, 498 So.2d 641 (Fla. 3d DCA 1986),[1] filed a second one on September 3, 1985, and then, on December 19, 1986, having received notice of the impending dismissal of the second complaint for lack of prosecution, filed the one which is presently before us as a protective measure since the statute of limitations was about to run. In the order now on appeal, the trial court dismissed the last complaint on the ground of the pendency of the September 1985 action. That second case was then dismissed for lack of prosecution on May 29, 1987, in an order which was not appealed. In this case, the plaintiff seeks only reinstatement of the third action. We agree with his position and reverse.
As we have said, the trial court dismissed the present action in December, 1986 because there was a prior, identical complaint pending in the circuit court at the time. This was error. It is well-settled that the appropriate relief upon a plea, like this one, of a "prior action pending" (which was indeed well-taken at the time) is not, as occurred below upon the lower judge's own motion in purging his docket, the dismissal of the later proceeding but rather its abatement pending the disposition of the earlier case. Gillis v. Gillis, 391 So.2d 772 (Fla. 3d DCA 1980); Chemical Realty Corp. v. Flagler Center Bldg., 388 So.2d 601 (Fla. 3d DCA 1980); Birnholz v. Steisel, 338 So.2d 862 (Fla. 3d DCA 1976); 1 Fla.Jur.2d Actions §§ 67-72 (1977).[2]
The distinction is particularly meaningful in these circumstances, in which, by reason of the fact that the later action was filed after, but dismissed before the earlier one, the plaintiff  with no determination on the merits and at a point now beyond the statute of limitations  has been deprived entirely of a chance to prove his claim. We will not permit such a catch-22 type destruction *404 of a party's rights through an incorrect application of the "dilatory and technical," see Moresca v. Allstate Ins. Co., 231 So.2d 283, 285 (Fla. 4th DCA 1970), case pending defense.
Moreover, by the time the motion for rehearing of the instant dismissal was ruled upon, the earlier case had already been disposed of. Thus, this pre-condition even to an abatement of the action had disappeared. See 1 Fla.Jur.2d Actions § 72 ("Generally, an answer setting up the pendency of a prior suit is not good even though the prior suit was pending when the second action was commenced, if that prior suit is dismissed or otherwise terminated before the answer is filed."). The lower court therefore separately erred both in dismissing and not abating this claim initially and in later failing to reinstate it. Accordingly, we reverse with directions to reinstate the present cause and for further appropriate proceedings thereafter.[3]
Reversed and remanded.
NOTES
[1] Under Florida Rule of Civil Procedure 1.420(d), the plaintiff cannot proceed with the action we order reinstated by this opinion until he pays the costs of the proceeding which was voluntarily dismissed.
[2] The defendants-appellees themselves recognized below that this was the rule. They moved for abatement, not for the dismissal of which they were the unexpected beneficiaries.
[3] See supra note 1.