603 So.2d 56 (1992)
Marilyn PARNELL, Petitioner,
v.
ST. JOHNS COUNTY, etc., Respondent.
No. 92-1205.
District Court of Appeal of Florida, Fifth District.
July 24, 1992.
Gary S. Edinger, Gainesville, for petitioner.
James G. Sisco and Linda R. Hurst, St. Augustine, for respondent.
DIAMANTIS, Judge.
This matter involves a petition for writ of certiorari to review an order staying petitioner's action against St. Johns County pending resolution of a similar action filed by petitioner's employer in federal court. Both actions challenge the constitutionality of the St. Johns County public nudity ordinance. Both actions raise basically the *57 same issues although petitioner's action additionally challenges the ordinance based on the Florida constitutional right to privacy. Art. I, § 23, Fla. Const.
Petitioner is a dancer at a restaurant known as Cafe Erotica, which is owned by Cafe 207, Inc. On April 21, 1992 St. Johns County enacted the subject ordinance making it a misdemeanor to appear nude or partially clothed in public or at places serving alcoholic beverages. On April 23, 1992 Cafe 207, Inc. filed a petition in federal court attacking the ordinance on various federal and state constitutional grounds. Shortly thereafter petitioner filed this action, raising the additional contention that the subject ordinance violates her constitutional right to privacy under Article I, Section 23 of the Florida Constitution. On April 24, 1992 the trial court stayed petitioner's action pending final resolution of the federal action.
Although petitioner is neither a party to the federal action nor technically in privity with her employer, the issues in the federal action and this case are identical except for the right to privacy claim. Certainly, resolution of the common issues in both cases will settle or greatly simplify the issues presented in this action. See generally, E.H. Schopler, Annotation, Stay of Civil Proceedings Pending Determination of Action in Federal Court in Same State, 56 A.L.R.2d 335 (1957) and Later Case Service (1984). Further, a federal decision on the merits of the claims pending in federal court will impact directly on the parties in this case to the extent that the federal court holds the ordinance is enforceable.
Thus, we hold that the trial court did not abuse its discretion in staying these proceedings regarding the identical issues in both cases and, therefore, it did not depart from the essential requirements of law in this respect.
However, petitioner's individual right to privacy claim is not involved in the federal action. Consequently, the federal action will not resolve this matter. Petitioner has raised an important state constitutional issue which pertains to her and not to her employer, because the right to privacy extends only to natural persons. She is entitled to have this claim heard and ruled upon without having to await the federal court's decision. Thus, we hold that the trial court abused its discretion in staying petitioner's right to privacy claim and, therefore, it departed from the essential requirements of law in this regard.
Accordingly, we deny certiorari as to the identical claims involved in both the federal and the instant case. Our ruling is without prejudice for petitioner to later seek to remove the stay upon a showing of interminable delay in the federal action. See Schwartz v. DeLoach, 453 So.2d 454, 456 (Fla. 2d DCA 1984). We grant certiorari and quash the trial court's order to the extent that it stays petitioner's right to privacy claim and remand this cause for further proceedings consistent with this opinion.
WRIT GRANTED in part; DENIED in part; and REMANDED.
GOSHORN, C.J., and HARRIS, J., concur.