PER CURIAM.
National American Insurance Company (National) petitions for writ of certiorari to review an order denying its motion to stay the state court action pending the disposition of the prior declaratory judgment action involving the same subject matter filed in federal court. We grant the petition.
National filed suit against Charlotte County in federal court seeking declaration of its rights and liabilities under its surety bond. National later amended its complaint to add a count for damages resulting from the County’s alleged breach of construction contract. ■ Approximately two months later, the County filed a state court action against National and the contractor, National’s principal, for breach of the surety bond and the construction contract. Although the County asserts that the issues in the state court action are broader than the claims raised in the federal action, the issues involved in both actions are essentially the same. Thus, disposition of the federal action will resolve the issues raised in the state action.
When a previously filed federal action is pending between the same parties involving the same issues, a subsequently filed state court action ordinarily should be stayed until resolution of the federal action. See Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927); Schwartz v. DeLoach, 453 So.2d 454 (Fla. 2d DCA 1984); State v. Harbour Island Inc., 601 So.2d 1334 (Fla.2d DCA 1992). This court in DeLoach recognized that there may be circumstances under which the denial of a stay would be justified upon a showing of the likelihood of undue delay in the disposition of the prior action. DeLoach at 455. However, where as here, the federal action has only been pending for a few months, the state action should be stayed. DeLoach.
We therefore grant certiorari, quash the order denying stay, and remand with directions to stay this suit pending disposition of the federal action.
SCHOONOVER, A.C.J., and HALL and THREADGILL, JJ., concur.