619 So.2d 447 (1993)
CITY OF MIAMI BEACH, Florida, a Municipality, Petitioner,
v.
MIAMI BEACH FRATERNAL ORDER OF POLICE, William Nichols Lodge No. 8, Respondent.
No. 93-98.
District Court of Appeal of Florida, Third District.
June 8, 1993.
Muller Mintz Kornreich Caldwell Casey Crosland & Bramnick, James C. Crosland, and David S. Shankman, for petitioner.
Kaplan & Bloom, Kathleen M. Phillips, and Osnat Lind, for respondent.
Before BARKDULL, NESBITT and GERSTEN, JJ.

ON PETITION FOR WRIT OF CERTIORARI
PER CURIAM.
Petitioner, City of Miami Beach, seeks a writ of certiorari to review an order denying its motion to stay the state court action pending the disposition of a prior action involving the same subject matter in federal court. We grant the petition.
It is well established that when a previously filed federal action is pending between the same parties or privies on the same issues, a subsequently filed state court action ordinarily should be stayed until the determination of the federal action. Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927); National American Insurance Company v. Charlotte County, 611 So.2d 1284 (Fla. 2d DCA 1992); State v. Harbour Island, Inc., 601 So.2d 1334 (Fla. 2d DCA 1992); Koehlke Components, Inc. v. South *448 East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA 1984); Schwartz v. DeLoach, 453 So.2d 454 (Fla.2d DCA 1984).
Although the trial court has the discretion to deny a stay where the need for state-federal comity is outweighed by factors such as the congestion of the federal court docket, see ITT-Community Development Corp. v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1215 (Fla. 1978), there are no factors present in this case. Indeed, since it was the respondent which first commenced the action in the federal court, it accepted the risk of any delay in reaching the trial of civil actions there. Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d at 555. Furthermore, the principles of res judicata and collateral estoppel would bar further litigation over these issues in state court. See Hochstadt v. Orange Broadcast, 588 So.2d 51 (Fla. 3d DCA 1991).
Accordingly, we grant the petition for writ of certiorari, quash the circuit court's order denying petitioner's motion to stay, and remand with directions to stay the state court action pending final disposition of the federal complaint.
Certiorari granted.