GERSTEN, Judge.
Appellant, Debora Paino (Paino), appeals from an order of dismissal based on a lack of subject matter jurisdiction. We reverse.
The issue in this case is whether the federal court continued to retain jurisdiction over a settled dispute after the terms-of the settlement agreement had been satisfied.
The Appellee, Great West Life Assurance Co. (Great West), issued Paino a disability income policy in October, 1987. Pai-no made a claim for benefits in July, 1988, and received benefits until November, 1988. Thereafter, a dispute arose between the parties regarding Paino’s entitlement to further benefits.
*633 Paino filed an action in the state court, but Great West sought and obtained removal to federal court. Subsequently, the parties settled. The settlement agreement’s terms provided that Great West would pay Paino all past due disability payments and attorney’s fees, and Paino would execute a release in favor of Great West. Great West also agreed to begin paying Paino’s monthly disability benefits as of January, 1991. However, Great West reserved the right to terminate the benefits if it determined that Paino was no longer disabled, by the disability policy’s definition.
The federal judge entered an order for voluntary dismissal with prejudice. The order contained the following provision: “This court retains jurisdiction to enforce the settlement agreement between the parties.”
The parties accomplished the terms set forth in the settlement agreement. However, in May, 1992, Great West ceased payment of benefits, alleging that Paino was no longer disabled under the policy’s terms. Paino again filed suit in the state court. When the state court judge noticed that the federal court retained jurisdiction over the earlier action, the judge sua sponte dismissed the case for lack of subject matter jurisdiction.
Paino asserts that the state court had proper jurisdiction over the case. The parties’ previous settlement agreement provided for a settlement of a claim for past benefits through a lump sum payment. The federal court dismissed that action with prejudice. Once Great West paid Pai-no and her attorney, and Paino signed the release, there was no matter pending in the federal court. Therefore, the state court has jurisdiction to hear the second case.
Great West contends that the federal court has exclusive jurisdiction over the case. The matter before the state court is simply an enforcement of the previous settlement agreement. The federal court specifically retained jurisdiction to enforce that agreement. In the alternative, Great West contends that even if the federal and state courts have concurrent jurisdiction, the federal court has jurisdiction to the exclusion of the state court because the federal court first invoked the jurisdiction.
Where a state and federal court have concurrent jurisdiction, the tribunal whose jurisdiction first attaches retains jurisdiction exclusively until the judgment rendered in the first action is satisfied, and extends to proceedings which are ancillary or incidental to the action first brought. Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927) (emphasis added). When an action is filed involving the same parties and the same cause of action as an action pending in another court of like jurisdiction, the usual practice involves suspending the proceedings until the first action is determined. Koehlke Components, Inc. v. South East Connectors, Inc., 456 So.2d 554 (Fla. 3d DCA1984).
However, in the instant case, the first action was completed and dismissed with prejudice. The federal court only retained jurisdiction to enforce the terms of the settlement agreement. Once Great West paid Paino and Paino executed the release, the terms in the agreement were completed. Thus, the first action was satisfied and determined. Therefore, under Wade and Koehlke, a second action can be commenced in a different court. Accordingly, we reverse the trial court’s dismissal for lack of subject matter jurisdiction and remand for further proceedings.
Reversed.