766 So.2d 1114 (2000)
Daniel H. SHOOSTER, Petitioner,
v.
BT ORLANDO LIMITED PARTNERSHIP, etc., Respondent.
No. 5D00-861.
District Court of Appeal of Florida, Fifth District.
August 16, 2000.
Rehearing Denied September 29, 2000.
*1115 Steven I. Peretz, Michael B. Chesal and Stephen M. Gaffigan of Kluger, Peretz, Kaplan & Berlin, P.A., Miami, and Michael R. Levin of Rumberger, Kirk & Caldwell, P.A., Orlando, for Petitioner.
Howard D. DuBosar and L. Rachel Dolnick of DuBosar & Dolnick, P.A., Boca Raton, for Respondent.
DAUKSCH, J.
Daniel H. Shooster, petitions this court for a writ of certiorari to review an order entered by a successor judge granting a motion to reconsider a stay order and vacating the earlier stay order. We have jurisdiction. See Hirsch v. DiGaetano, 732 So.2d 1177 (Fla. 5th DCA 1999); Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Ainsworth, 630 So.2d 1145 (Fla. 2nd DCA 1993). We agree with the petitioner that the successor judge departed from the essential requirements of the law, and therefore quash the order vacating the earlier stay order.
This case arose out of a trademark dispute between the petitioner, who has registered the trademarks "Festival Marketplace", "Festival Flea Market" and "Festival Flea Market Mall" and operates businesses under those names in South Florida and the respondent, B.T. Orlando, which is developing a retail complex in Orlando known as "Festival Bay Orlando." The parties were involved in an attempt to resolve this dispute out of court. However, no agreement was ever reached.
On July 9, 1999 the respondent filed an action for declaratory judgment in the circuit court in Orange County, Florida seeking an order declaring that the respondent's use of the mark "Festival Bay" does not infringe on the petitioner's marks "Festival Flea Market" and "Festival Marketplace Mall." Service was not perfected on the petitioner until July 30, 1999.
On July 22, 1999 the petitioner filed an action for trademark infringement (15 U.S.C. 1114, 1125(a), 1125(c)) in the United States District Court, Southern District of Florida. Service was perfected on the respondent on July 26, 1999.
The initial state court judge assigned to the Orange County case granted the petitioner's motion to stay the state action pending disposition of the federal action. After the initial judge was recused from the state action, the successor judge granted a motion to reconsider the motion to stay and vacated the stay order.
We agree with the respondent that the successor judge had authority to reconsider the motion for stay. See, Fla. R. Jud. Admin. 2.160(h); Sunrise Gift & Souvenir, Inc. v. Marcotte, 698 So.2d 345 (Fla. 5th DCA 1997). However, we find that the successor judge departed from the essential requirements of the law in vacating the stay.
Both state and federal courts can have concurrent jurisdiction over the same parties and controversies. However, as a matter of comity, one state court will not ordinarily determine a controversy of which another state court has previously obtained jurisdiction. See, Sunshine State Service Corp. v. Dove Investments of Hillsborough, 468 So.2d 281, 283 (Fla. 5th DCA 1985), rev. denied, 478 So.2d 53 (Fla. 1985), citing, Wade v. Glower, 94 Fla. 817, 114 So. 548, 551 (1927). Where a state and federal court have concurrent jurisdiction over the same parties or privies and the same subject matter, the tribunal where jurisdiction first attaches retains jurisdiction exclusively and will be left to determine the controversy and to fully perform and exhaust its jurisdiction and to decide every issue or question properly arising in the case. Wade, 114 So. at 551.
We find that the state and federal courts in this case have concurrent jurisdiction over the same subject matter and substantially the same parties. Under federal procedure, where jurisdictional conflicts between federal courts exist, priority is given to the court in which jurisdiction first attached. See, Moore's Federal Practice, Rules Pamphlet, § 3.7 (1999-2000). *1116 It is the rule in federal courts that in both in rem and in personam actions, jurisdiction relates back to the filing of the complaint. Id., Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161 (10th Cir.), cert. denied, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982).
In Florida, where two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service is first perfected. See, Mabie v. Garden Street Management, Corp. 397 So.2d 920 (Fla.1981); Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943); Fasco Industries, Inc. v. Goble, 678 So.2d 916 (Fla. 5th DCA 1996); Towers Const. Co. of Panama City v. Key West Polo Club Apts., Ltd., 569 So.2d 830 (Fla. 5th DCA 1990). Florida litigation need not be stayed because of a previously filed action in a federal district court in Florida. See, ITTCommunity Dev. Corp. v. Halifax Paving, Inc., 350 So.2d 116 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1215 (Fla.1978); State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533 (1930). Nevertheless, Wade suggests that a stay of the action should be "the usual practice" in the interest of state-federal comity. See, ITT-Community, 350 So.2d at 116. See also, Schwartz v. DeLoach, 453 So.2d 454 (Fla. 2d DCA 1984). We find no basis for a departure from this "usual practice" in the present case. Although the granting of a stay is a discretionary act, Florida courts have more than once granted certiorari to quash orders declining to stay actions in favor of prior actions pending in different jurisdictions. See, Schwartz, 453 So.2d at 455, citing as an example, Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982), rev. dism., 427 So.2d 736 (Fla.1983), receded from on other grounds, Thomas v. Thomas, 724 So.2d 1246 (Fla. 4th DCA 1999); Gillis v. Gillis, 391 So.2d 772 (Fla. 3d DCA 1980). We find that under Florida procedural law the federal court exercised jurisdiction over the cause first with the earlier service of process.
For the above stated reasons, we grant the petition for certiorari and quash the order vacating the stay order.
Petition for writ of certiorari GRANTED.
THOMPSON, C.J. and SAWAYA, J., concur.