ROTHENBERG, Judge.
Alex Zirakzadeh (“the plaintiff’) appeals from a final order dismissing his 2007 complaint with prejudice. We reverse.
Ayman Moumina (“the defendant”) owns the condominium unit directly above the condominium unit owned by the plaintiff. In 2005, the defendant hired an interior decoration/design firm, which, during the course of its employment, punctured a water pipe. The water ran downhill, causing extensive damage to the unit owned by the plaintiff.
Later in 2005, the plaintiff filed a lawsuit against the defendant and a number of other defendants. However, the plaintiff was unable to perfect the service of process upon the defendant, and has not yet done so.
In 2007, the plaintiff filed a. new complaint, under a new case number, alleging *1255 the defendant’s negligence and breach of contract. The 2005 and 2007 complaints are allegedly based on the same set of operative facts — the puncture of the water pipe by the defendant’s interior designer/decorator.[1] The plaintiff managed to serve process upon the defendant in the 2007 action.
The plaintiff moved to transfer and consolidate the 2007 action into the 2005 action. In the motion, the plaintiff alleged that the 2005 action was pending and that the two actions contain similar “facts, allegations, and for the most part, counts.” The trial court denied the motion. Subsequently, the defendant moved to abate or dismiss the 2007 complaint, based primarily upon the plaintiffs previous motion to transfer and consolidate. The trial court dismissed the 2007 action with prejudice, finding that the 2005 and 2007 actions were duplicitous. This appeal followed.
As the defendant properly concedes, because the trial court’s dismissal was not entered on the merits or as a sanction for inappropriate conduct, the imposition of the dismissal with prejudice was error. Reversal is appropriate upon this ground alone, and we remand with instructions to the circuit court to reinstate the 2007 action. At oral argument, counsel for the plaintiff indicated that if the 2007 action is reinstated, the plaintiff will dismiss the 2005 action (where there has been no service upon the defendant) and proceed with the 2007 action (where the defendant has been served). In the event the plaintiff does not dismiss the 2005 action, the trial court must consider whether abatement of the 2007 action is appropriate. See Koehlke Components, Inc. v. S.E. Connectors, Inc., 456 So.2d 554, 555 (Fla. 3d DCA 1984) (“Generally, a state court will abate an action upon a showing that a prior action involving the same parties and cause of action is presently pending in the same court or other court of like jurisdiction.”).
Reversed and remanded with instructions.

. The 2005 complaint has not been provided by the parties and is not contained in the record before this Court.