# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1741
Lower Tribunal No. 21-5837
_____

**Kyle Roche, et al.,**
Petitioners,

vs.

**Jason Cyrulnik,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Leto Law Firm, and Matthew P. Leto; Roche Freedman LLP, and Colleen L. Smeryage, for petitioners.

Kasowitz Benson Torres LLP, and Maria H. Ruiz, for respondent.

Before LOGUE, SCALES and LINDSEY, JJ.

SCALES, J.

Petitioners Kyle Roche, Devin Freedman, Amos Friedland, Nathan Holcomb, Edward Normand, and Roche Cyrulnik Freedman LLP (a/k/a Roche Freedman LLP), the defendants below, petition this Court for certiorari review of the trial court's July 27, 2021 order denying their motion to stay proceedings in the lower tribunal pending disposition of the related federal action filed in the United States District Court for the Southern District of New York.[1] "We have certiorari jurisdiction to review orders determining motions to stay a cause pending the disposition of another case." REJWB Gas Invs. v. Land O'Sun Realty, Ltd., 645 So. 2d 1055, 1056 (Fla. 4th DCA 1994). Because the record does not reveal "extraordinary circumstances" warranting an exception to the general rule requiring a stay of the subsequently filed action, we grant the petition, quash the July 27, 2021 order, and direct the circuit court to enter a stay pending disposition of the federal action.

## I.     RELEVANT BACKGROUND

On December 27, 2019, respondent Jason Cyrulnik signed a memorandum of understanding to form the law firm Roche Cyrulnik Freedman LLP ("the Firm"). In the ensuing months, the working relationship

---

[1] Roche Cyrulnik Freedman LLP v. Jason Cyrulnik, SDNY, Case No. 1:21-cv-1746 (JGK).

2

between Cyrulnik and the Firm's partners deteriorated, resulting in the Firm's February 27, 2021 filing of a declaratory judgment action against Cyrulnik in the federal district court. The Firm's lawsuit seeks determinations that, pursuant to the memorandum of understanding, (i) the Firm's partners validly removed Cyrulnik from the Firm for cause, and (ii) Cyrulnik is entitled only to certain compensation delineated upon his removal from the Firm. Cyrulnik was served in the federal action on March 3, 2021.

On March 9, 2021, Cyrulnik filed the instant state court action against the Firm and the Firm's partners (i.e., the petitioners herein) in the complex business litigation division of the Miami-Dade County Circuit Court. Although the claims asserted in the two actions are not identical, each of the claims asserted in Cyrulnik's state court action arise from the same nucleus of facts upon which the Firm's federal action is premised, to wit: the Firm's purported removal of Cyrulnik from the Firm and Cyrulnik's entitlement to compensation under the memorandum of understanding.

## II.   ANALYSIS

### A. The General Rule Requiring a Stay of the Subsequently Filed State Court Action

Generally, when a state lawsuit is filed that involves the same nucleus of facts as a previously filed federal lawsuit, principles of comity and the desire to avoid inconsistent results require the stay of the subsequently filed

3

state action until the prior filed federal action has been adjudicated. See OPKO Health, Inc. v. Lipsius, 279 So. 3d 787, 791 (Fla. 3d DCA 2019) ("Although a trial court has broad discretion to order or refuse a stay of an action pending before it, it is nonetheless an abuse of discretion to refuse to stay a subsequent filed state court action in favor of a previously filed federal action which involves the same parties and the same or substantially similar issues. This rule is based on principles of comity." (quoting Fla. Crushed Stone Co. v. Travelers Indem. Co., 632 So. 2d 217, 220 (Fla. 5th DCA 1994) (citations omitted))). For this general rule to apply the causes of action asserted in the two cases need not be identical, see Ocwen Loan Servicing, LLC v. 21 Asset Mgmt. Holding, LLC, 307 So. 3d 923, 926 (Fla. 3d DCA 2020), nor must the two actions have identical parties. See Pilevsky v. Morgans Hotel Grp. Mgmt., LLC, 961 So. 2d 1032, 1035 (Fla. 3d DCA 2007) ("Although only PSB is named as a plaintiff in the New York action, the only additional parties named as defendants in the Florida action are PSB's individual investors and officers."). Rather, the rule is applicable if both actions involve "substantially similar parties and substantially similar issues," Id., on a "single set of facts [such] that resolution of the one case will resolve many of the issues involved in the subsequently filed case." Id. (quoting Fla. Crushed Stone Co., 632 So. 2d at 220). Application of comity principles

4

under these circumstances serves both to avoid wasting judicial resources and the risk of inconsistent judgments in the two tribunals; thus, certiorari is an appropriate remedy because "the denial of . . . [a] motion to stay the court action is error that cannot be remedied on appeal." Ocwen Loan Servicing, LLC, 307 So. 3d at 926.

B. The "Extraordinary Circumstances" Exception to the General Rule

Courts have recognized an exception to the general rule requiring a stay of the subsequently filed state court action when the party opposing the stay has made a showing of "extraordinary circumstances." Id. While Florida decisional law provides little guidance on what constitutes such "extraordinary circumstances," the Florida Supreme Court has explained that "[t]here may well be circumstances under which the denial of a stay could be justified upon a showing of the prospects for undue delay in the disposition of a prior action." Siegel v. Siegel, 575 So. 2d 1267, 1272 (Fla. 1991) (quoting Schwartz v. DeLoach, 453 So. 2d 454, 455 (Fla. 2d DCA 1984)).

C. Application in this Case

In the challenged order, the trial court made the express, albeit conclusory, finding that "litigation in the federal court will cause undue delay if the state action is stayed." This determination, though, is without any evidentiary basis in the record. Indeed, the only suggestion that there will be

5

any delay – undue or otherwise – in adjudicating the Firm's federal action is the mere supposition of Cyrulnik's counsel at the hearing on the petitioners' motion for stay; such supposition alone constitutes an insufficient showing. See Schwartz, 453 So. 2d at 455 ("There may well be circumstances under which the denial of a stay could be justified upon a *showing* of the prospects for undue delay in the disposition of a prior action. Here, however, without taking any testimony, counsel simply debated the progress of the federal case which had only been pending in the federal court for slightly more than four months.") (emphasis added).

There being no *showing* of extraordinary circumstances on this or any other basis in the lower proceeding, we conclude that, based on the record now before us, the "extraordinary circumstances" exception to the general rule requiring a stay of the subsequently filed state court action is inapplicable, and that the trial court should have granted petitioners' motion to stay Cyrulnik's state court action. Id.

### III.    CONCLUSION

Accordingly, we grant the petition, quash the July 27, 2021 order denying the petitioners' motion to stay, and remand to the circuit court with directions to stay Cyrulnik's state court action pending disposition of the Firm's federal action. Our ruling is without prejudice to Cyrulnik later seeking

6

to lift the stay "upon a showing of interminable delay in the federal case," Id.

at 456, or other extraordinary circumstances.

Petition granted, order quashed, and cause remanded with directions.